OPINION of the Court, by
Ch. J. Boyle.
-Brecken-ridge bought of Hoke a tract of land, for which he agreed to pay a considerable sum. Hoke conveyed and de-li-veie^ possession, and Breckenridge made sundry par-tial payments, but declined paying the balance until an interference with a part of the tract by an adverse claim was adjusted. Hoke, at his own expence, instituted sllit against the adverse claimants, and obtained a de-cree establishing Iris right, and then demanded pay rnent *273 of the residue of the price, with the interest which had accrued. Breckenridge was willing to pay the principal, but not the interest •, and Hoke agreed, after some altercation upon the subject, to accept the principal, and gave a receipt for $5,00, “ the balance of the contract,” that being the amount of the principal then unpaid ; but at tlie same time insisted upon his right to the interest, and declared that he w ould coerce the payment of it if the law would afford him the means to do so. He accordingly brought suit upon the contract and recovered judgment at law for the amount of the interest. To in-join proceedings upon wliich, and obtain a new trial at law, Breckenridge filed his hill in chahcery, alleging as An excuse for not having made defened, that the writ was not legally served, the sheriff not having required bail of him as he was directed by the wait, telling him only that he had such a writ and would shew it to him at some other time : that he w as absent when the cause was tried on a peregrination through some of the neighboring counties, and that when lie returned, though before tile term bad expired, the court, contrary to his expectation, had gone through the docket and adjourned.
Wi^en-0T“^ and with* holds the pur-⅛⅛^⅛"!,' adjufted, ought t0 P'J «temu
Hoke in his answer does not admit any of the facts alleged as an excuse for failing to make defence on the trial at law, and insists upon his right to recover the interest.
The court below dismissed the bill, from which Breckenridge has appealed to this court.
The excuse offered by Breckenridge for not making a defence when the cause was tried, is certainly a very flimsy one. But were it otherwise, the defence he proposes to make would not, from its nature, entitle him to the aid of a cohrt of equity. There can be no doubt that in equity and good conscience Hoke is entitled to the interest as well As the principal. He had fully executed the contract on bis part by conveying the title and delivering possession of the land sold, and for aught that appears to the contrary Breckenridge had continued to enjoy it without interruption or molestation from any one. After having received á conveyance, Breckenridge could not, according to the principles of either law or equity, rightfully refuse the payment of the prifc cipsl, on afccount ofthe interference of the Adverse claim, unless it had been fraudulently concealed by Hoke, or *274 Breckenridge had been evicted or disturbed by it; and there is no suggestion that either was the case.
The bringing of the suit, therefore, to settle or quiet the adverse claim, was supererogation on the part of Hoke. It was more than he was bound to do before he had a right to demand the payment of the price. But admitting that he was bound to settle the adverse claim, still as Breckenridge was in the meantime in the enjoyment of the land and its profits, he could not also be entitled to the enjoyment of the price, without accounting for the interest. To permit him to do so, would be unequal, and therefore not equitable; and most assuredly a court of equity cannot, consistent with the principles by which it is invariably governed, give its aid to enable a party to make a defence which is not equitable.
.The decree must be affirmed with costs and damages upon the damages.