Judge Ewing
delivered the Opinion of the Court.
On the 16th of December, 1817, John Pritchett sold to Boyce a tract of land, in Jessamine, afAeigteen dollars per acre, supposed to contain one hundred and eighty four acres — the true quantity to be ascertained by survey. Articles of agreement were entered into between them, by which six hundred dollars was to be paid the 1st of January, 1818, and possession in part to be delivered, and two thirds of the balance of the price was to be paid on the 1st of January, 1819; and the residue on the 1st of January, 1820, when full possession was to be delivered; a deed to be executed, with general warranty, at the time the second instalment was to be paid, and a mortgage executed to secure the residue of the purchase money.' Boyce sold to Shrieve.
The administrator and heirs of Pritchett, in 1830, filed their hill for a specific enforcement of the contract, and sale of the land for a balance of the purchase money — the first instalment having been paid, and a part of the second. The Circuit Court decreed in favor of the complainants, and the defendants have appealed.
John Pritchett became deranged before the time arrived when he was to convey, and died a short time thereafter, leaving a widow and infant heirs, one of whom remained an infant when the conveyance was made, under the decree of the Court in this case; and the conveyance was made by her guardians, in their own names, and the deed received and sanctioned by the Court.
First. There is no ground for the objection that the complainants ought not to ask a- specific enforcement of the ¡contract, on the ground that they have not convey *232 ed. Time is not, of the essence of the contract. 3 Bibb; 1 Mad. Ctty, 349; 3 J. J. Marsh. 54.
The personal warranty of heirs, in a deed made by them to carry into effect then-ancestor's contract, is sufficient; and in fact, the most effectual.
A deed made by the guardians of an infant, in their •own names, hut for the purpose of complying with a decree requiring heirs — of whom', the infant is one — to-convey, in their suit for the purchase money — • the deed, being approved by the court, is as effectual as tlio’ it had been made by a commissioner previously appointed. Commissioners ’ deeds have been held good when made in their own names.
When infants &. persons of unsound' mind are seized of lands in trust, the guardian or committee may convey, under the orders of a court of chancery, 1 S. L. 455 ; and held, that infants whose ancestor was hound for a title by his executory contract, are within the equity of this statute; and a deed made by the guardians of an infant to fulfil the ancestor’s contract, though made without any order ofcourt, being afterwards approved & sane tioned by the court, is valid, as a conveyance under that statute.
*232 Boyce was let into the possession of the land, and he and his alienee have enjoyed it and the rents and profits thereof ever since, in as perfect a manner as if the conveyance had been made. And the vendor was prevented by the act of God, from making the conveyance in his lifetime, and his heirs have been prevented from doing so, by their infancy, since.
It would be iniquitous to say, that Boyce and Shrieve should continue in the enjoyment of the land, without paying the price.
Nor is there any better ground for resisting the payment of interest. The possession and use of the land is an equivalent for the interest. It would be unjust to permit them to enjoy the land and money too, without paying interest or rents. The pretended tender was unavailing. It was made to the wife, in the derangement and absence of Pritchett, and when she had no right to receive it. And it was gotten from the bank for the purpose of the tender, no doubt,, and with the expectation that it could not and would not be received, upon the terms of making a title, which he was aware they could not make, and was returned to the bank in the very same bags in which it was taken out; and was, consequently, never set apart, or withdrawn from the use of the defendant with the view of keeping it always readyi in good faith, to meet his contract. But he applied it to his own use, and has been resisting the payment ever since, and should pay interest upon it. 4 Bibb, 273; 1 Marsh. 161; 3 J. J. Marshall, 54.
Nor is there any just ground for the objection that the heirship of the complainants has not been made out in proof; enough is proven to satisfy the Court upon that point.
And the objection, that the heirs, individually, have warranted, and that there is no guarantee upon the estate, is equally untenable. The guarantee of all the heirs in person is better for the vendee. As each and all the heirs, and the acquisitions of each and all, as well as the estate descended, may be made responsible, if not dis *233 posed of. And if disposed of, by bona fide sale, the estate descended could not be reached for indemnity, on the guarantee of the estate.
Nor are we of opinion that the deed is imperfect because it is executed by the guardians of the infant.
It has been decided by this Court that a conveyance of land, by infants, seeking, as complainants, the specific enforcement of the contract of their ancestor, made under the decree of a chancellor, would be good to pass the title. 4 J. J. Marsh. 425, Mason vs. Chambers fyc.
And the various statutes recognizing their right and power to convey, by commissioners, land sold by their ancestor, upon application to the county court, in connection with the statute authorizing commissioners to convey for them as defendants in chancery, would seem within the spirit of those statutes, to give sanction and recognition to the powers of the chancellor, to direct a conveyance by commissioners for them, as complainants, especially as, for that object, they may be regarded as quasi defendants.
And as the chancellor has received and sanctioned the deed made by ^he guardians, his reception, recognition and sanction of it, might be regarded as tantamount to to the appointment of them as commissioners, beforehand, to execute the deed. And if so, as it has been settled by this Court, that a conveyance by á commissioner in his own name, would be good, no legal objection would seem to rest against the conveyance by the guardians, as such, in their own names.
, But if doubts existed on this point, it is believed, that the conveyance by the guardians of the infant, is good within the spirit, if not within the letter, of the statbte of 1785. 1 Statute Laws, 455. That statute directs that
when infants, or persons of unsound mind are seized of lands in trust or mortgage, the guardian of the one, or the committee of the, other, may convey under the order of a court of chancery.
The heirs of the vendor hold the land in equitable trust for the use of the purchaser, and have ever been regarded by the chancellor, as holding in that character. As such, they fall within the provisions of the statute *234 just referred to, and if infants, they may convey by their guardian, under the order of the chancellor.
And though the chancellor has made no specjal order in this case,, for the deed to be-executed by the guardians, as it has been executed by them, in pursuance of the decree against the complainants to convey, and has been received and sanctioned by the Court, still retaining power over the cause, it must be taken as good, and as valid to pass the legal title, as if made in pursuance of an order previously made, directing it to be done in that form.
In relation to the widow’s dower, there is evidence tending to show that she has received, in part of the consideration, an equivalent for her dower, and would be estopped from setting it up against the title of* the defendants. And as no objection was raised, on this ground, in the Circuit Court, and no special errors assigned in this Court, presenting this as an objection to the decree, or for the failure to make her a party, we are not disposed to reverse on this ground.
Decree of the Circuit Court affirmed, with costs, &c.