Day, Chief Judge.
The question to be determined is, whether the court erred in holding that the plaintiff was not entitled to recover interest on the notes until after the incumbrance contemplated therein was removed.
The statute then in force declared, “that all creditors shall be entitled to receive interest on all money, after the same shall become due, either on bond, bill, prommissory note, or other instrument of writing, or contract for money or property.” S. & C. 742.
Was the money secured by the notes or contracts in question due, within the meaning of thé statute, before the incumbrance was removed ? The answer to this question depends upon the true meaning and legal effect of the instruments. From the language used therein, it is apparent that the maker understood them to be “.notes” payable by a specified time; at which they were regarded as becoming due. Nor is there any doubt but that, if the title to the land for which they were given had been cleared of the contemplated incumbrance, they would have become due on the first day of April, of the year therein named. Are they changed in this respect, by the clauses relating to the supposed incumbrance, though it was not then removed ? So far as .relates to the question of interest, we think not. In regard to that, the notes become due, in any event, at the time respectively stated therein; but if the incumbrance was not then removed, the maker, had the right to hold the money due on the notes as indemnity from loss by reason of the incumbrance. We think this is the true meaning and effect of the instruments in question. Though the money could not' be recovered by action from the maker until the ineumbra-nce was removed, he was to *42 hold it, in the meantime, for the purpose specified, as money duo to the payee.
One note became due April 1,1862, and the other a year later. On the 28th of May, 1863, the defendant tendered to the plaintiff $1,040, being the principal and interest- due at that time ; but he can take nothing from the tender, for it was coupled with a condition with which he knew the plaintiff could not then comply. Nor was it intended that he should receive the money; but the offer was made by the defendant to evince his willingness to pay the notes, and, peradventure, thereby stop the running of interest which he supposed would otherwise accrue against him. Moreover, he did not attempt to keep the tender good which was then made. He borrowed the money to make the tender, and used it the same day to pay the debt thus incurred by him. lie admits that he never withdrew any money from his business to apply on the notes, until the 29th of May, 1869, when he paid $400 on the notes, and the balance, all but the interest, was tendered in payment of the notes, and, after this suit was brought, deposited with the clerk of the court. But this tender was insufficient if the plaintiff was entitled to interest on the notes respectively from April 1, 1862 and 1863 ; and, according to our construction of the notes, he was entitled to such interest.
The view we take of the case is sustained by the principles of equity applicable to the case, and it is to be borne in mind that the plaintiff invoked the equitable aid of the court.
The plaintiff had conveyed the land for which the notes were given, to the defendant, who mortgaged the same back to the plaintiff, to secure the purchase-money. The money due on the notes belonged, in equity, to the plaintiff; and though the defendant might hold it for his own indemnity, he so held it as the trustee of the plaintiff. Instead of holding it without use, he put it into, his business, and used it as his own, or as if it were borrowed money; and, failing to account for the profits, should, upon *43 equitable principles, be held liable for the use of the money.
It is well settled by the authorities that, in all such cases, the trustee is chargeable with interest. Powell v. Martin, 8 Ves. 146; Selden v. James, 6 Rand. 464; People v. Gasherie, 9 Johns. 71; Kirkman v. Vanlier, 7 Ala. 217, 230, ahd cases cited.
Moreover, it would be most inequitable to permit the defendant to enjoy the rents and profits of the land, for more than six years, for nothing, or, while he receives the rents and profits of the land, to permit him to use the plaintiff’s money, for the same period, for nothing. The case of Brockenbrough v. Blythe, 3 Leigh, 619, was much like this on the point in question. Blythe conveyed a tract of land to Broekenbrough, of which he owned a moiety, and a minor the other moiety. Payments were to be made at specified times, but “ it was covenanted that none of the defeiTed payments should be demanded by Blythe, until he should make a good conveyance ” of the minor’s moiety, on her arriving at full age. The court said:
“ Then, how does the question stand as.to interest? The record presents the case of a vendor, who has delivered possession of the premises to the purchaser, which he has continued to enjoy without molestation ; of a vendor, who has also faithfully complied with his engagement that a good title should be made upon the happening of a particular event, until which event he has left the purchase-money in the hands of the vendee, as his security, and that vendee has thus, for more than eighteen years, by himself, or his vendee, received the rents and profits, and held the purchase-money also. Is there any principle of law or equity which can justify us in saying he shall keep both ? Shall the purchaser, for so long a period, receive the profits while he is enjoying the interest of the purchase-money ? Eor it -would be willful blindness to the ordinary course of transactions»to suppose that this has lain idle. If raised at all, it has been put to interest, beyond question; if not *44 raised, tbe interest has been saved to the party, which amounts to the same thing; for, in either event, he would have enjoyed the vendor’s estate, for eighteen years, for nothing. The injustice of such a proceeding has long since given rise to the rule that, as to interest and profits, the vendor is to be considered the owner of the money, and entitled to the interest, while the vendee is regarded as the owner of the land, and entitled to the profits, but he can not have both.”
To the same effect are the cases of Breckenridge v. Hoke, 4 Bibb, 272, and Boyce v. Pritchett, 6 Dana, 231.
Rollmun v. Baker, 5 Humph. 406, is also a case in point. The point in the case is stated in the opinion of the court, as follows:
“As to interest, the note was made payable, by its terms, one day after date, and the subjoined agreement that suit shall not be brought upon it, while the payee believed the maker to be safe, can not be construed, either in point of intention or legal effect, so as to prevent the computation of interest upon the note, due by its terms and the contract of the parties.”
"We are, then, upon both principle and authority, constrained to hold that the plaintiff was entitled to interest on the notes from the time they were made payable.
The judgments of the courts below must, therefore, be reversed, and the cause remanded to the court of common pleas for further proceedings, according to law.

Judgment accordingly.