In the matter of EVERIT, administrator of Everit.

Where a person leaves a contract for the sale of lands unperformed at the time of his death and application is made, under the statute, for his infant children to perform it, the purchase money will go as assets and not follow the course of real estate.
The order upon the coming in of the master's report, in a case like the above, is as a final decree and must be enrolled like other decrees.

A petition had been presented on behalf of the administrator of Thomas Everit, junior, setting forth that the latter made contracts for the sale of lands at Brooklyn, received deposit monies and died without leaving a will or performing these contracts. His widow and infant children survived him. Performance was prayed pursuant to the statute; 2 R. S. 194, § 169.

May 2nd.
1836.

Specific performance.
Infant
Trustees.
Assets.

This petition was referred to a master; and he based his report and the calculation attached to it, by way of schedule, upon the idea that the purchase moneys would be due to the children as heirs and to their mother as dower tenant.

Mr. W. C. Wetmore, for the petitioner.

THE VICE-CHANCELLOR considered that the character of the consideration was changed, by the contracts for sale made by the deceased, and it became personalty and assets which the administrator ought to take; and that none of it could be paid into court for the infant heirs.

His honor also looked upon the final order as a decree and decided that the deeds, which the infants were to give by their guardian *ad litem*, could not be executed until the

decretal order was enrolled, i. e. not till thirty days after it had been entered in the minutes of the court; 2 R. S. 181, § 91, (and amendment thereto by the act of 20th April, 1830.)

The following would be the form of the final order in a case like the above :

(*After fully reciting the petition and master's report ;*)  " on motion of Mr. C. M. Esquire, on behalf of the petitioner; and hearing Mr. C. E. guardian for the infants, and due deliberation having been thereupon had, his honor the Vice-Chancellor, by virtue of the power and authority of this court, doth *order, adjudge and decree* a specific performance of the several contracts and agreements mentioned in the said petition ; also that on the receipt of the balance of the purchase money from the said purchasers respectively by the petitioner as such administrator, the said infants, by their said guardian *ad litem*, execute to the said purchasers respectively good and sufficient deeds in fee simple for the premises so contracted to be sold to them respectively (the said deeds to be first approved by the Vice-Chancellor of the first circuit ;) that out of the said balance of the purchase moneys the said petitioner, in the first place, pay off, satisfy and discharge and cause to be cancelled of record the said mortgage to the said K. L., now upon the premises ; that in the second place he pay to his solicitor and to the said guardian *ad litem* their costs in this matter to be taxed, and that he retain the remainder of the money to be by the said administrator applied in the due course of administration. And also that the said widow release her right of dower in the premises."

The following is the certificate of approval which the Vice-Chancellor, in the above case, endorsed upon the deeds to the purchasers, after they had been executed in the name of the infants by their guardian *ad litem :*

" I have perused the within deed and do hereby approve of the form thereof and of the manner of its execution ; and allow it to be delivered as a good and effectual conveyance of the within premises. Dated the——day of——1836."

" Wm. T. Mc Coun, V. C."