## ANNA SCHROEPPEL adm'x, &c. *vs.* NORMAN HOPPER.

The vendor of lands may bring a suit in equity to obtain a specific performance of the contract of purchase, although he has an adequate remedy by suit at common law to recover the contract price, in damages.

Although the administratrix of a vendor has no concern with the real estate of the intestate, still she is competent to adjust and recover the balance due upon a contract of sale made by him in his lifetime. And where, upon such an adjustment, she agreed with the vendee, in writing, to procure the title, give further time, and take his mortgage for a portion of the unpaid purchase money, and afterwards procured and tendered to him a deed conveying the title, and demanded performance; *Held* that on his refusal to take the conveyance and execute the mortgage, she might maintain an action in equity to compel payment of the balance of the purchase price.

The heirs at law having conveyed to the administratrix their title to the premises, to enable her to transfer it to the purchaser, in fulfillment of the agreement, are no longer necessary parties to the action.

The time specified for the performance of a written contract for the sale of lands is not important, where both parties have acquiesced in extending it.

If the vendee in possession desires to rescind the contract because the vendor does not procure the conveyance within the time limited, he should do so promptly by surrendering the possession of the premises.

APPEAL by the defendant from a judgment entered upon the report of a referee. The suit was brought by the plaintiff, as administratrix of her husband, to compel the specific performance of a contract for the sale of real estate.

The following facts were established by the report of the referee.   Henry W. Schroeppel, during his lifetime, made two certain contracts with the defendant, Norman Hopper, one dated August 12th, 1857, for the sale, by Schroeppel to Hopper of 35$\frac{62}{100}$ acres of land, and another dated September 1st, 1851, for the sale by Schroeppel to Hopper of about 32 acres of land, both of which said parcels of land are situate on lot No. 29 of the 24th township of Scriba's patent, in the town of Schroeppel, Oswego county, N. Y., and are the same on which the defendant resides.

Hopper, by the terms of said contracts, agreed to pay said Henry W. Schroeppel for said 35$\frac{62}{100}$ acres of land the sum of $300, and for said 32 acres the sum of $434.   Said contracts were in writing and were duly signed by the said Schroeppel and Hopper.   Norman Hopper, during the lifetime of said Henry W. Schroeppel, made payments to Schroeppel upon both of said contracts.   Henry W. Schroeppel died, and Anna Schroeppel, his wife, was duly appointed his administratrix by the surrogate of Oswego county, prior to the 19th day of December, 1859.   On the said 19th day of December, 1859, said administratrix, by her agent, Mary H. Schroeppel, and the defendant Hopper, by his attorney, D. D. McKoon, Esq. on a settlement and adjustment of the payments on said contracts, entered into an agreement in writing, by the terms of which it was agreed between the plaintiff and the defendant herein, that there was due on said contracts from the defendant to the estate of Henry W. Schroeppel the sum of $353, and that said sum should be paid as follows, viz : $53 on said December 19th, 1859, and the balance in six equal annual payments, the first annual payment to become due September 1st, 1860, and other payments on the 1st day of September of each and every year thereafter, until the whole sum should be paid, with interest annually at the time of each payment; and the plaintiff, as such administratrix, in said contracts agreed to cause herself and the heirs of said Henry W. Schroeppel to execute and

Schroeppel *v.* Hopper.

deliver to the defendant, Hopper, a good and sufficient deed of the premises described in said contracts, within three months from said December 19th, 1859; and the defendant, Hopper, in said contract agreed, within three months, to execute and deliver to said administratrix a mortgage on the premises, to secure the payment of said $300, payable as herein before stated. Hopper paid to the plaintiff the sum of $53 on said 19th of December, 1859, which amount was duly indorsed on the agreement. In fulfillment of said agreement, dated December 19th, 1859, the plaintiff obtained a warranty deed to herself of the premises, duly executed by all the heirs of Henry W. Schroeppel, except one who was an infant heir, which deed was duly recorded in Oswego county clerk's office, March 1, 1860, in book 85 of deeds, page 341 &c.; and duly obtained a guardian's deed of said premises from Albert W. Schroeppel, by W. H. Gillispie, his guardian *ad litem*, dated April 4th, 1860, to Norman Hopper, and duly executed a warranty deed of said premises in her own name, and not as administratrix, on the 15th day of May, 1860, to Norman Hopper. Prior to the commencement of this action and in the spring of 1861, the plaintiff tendered to the defendant said guardian's deed, and said warranty deed from herself, duly executed, which deeds conveyed the full title to said premises, and at the same time tendered to the defendant Hopper a mortgage on the premises, to be executed by him, securing to the plaintiff, as administratrix of said estate, the said sum of $300, according to the terms of said contract dated December 19th, 1859, which said mortgage the defendant refused to execute. The defendant has not fulfilled said contract of December 19th, 1859, on his part, in that he has refused to execute said mortgage when tendered to him by the plaintiff, and has failed and neglected to pay the sum of $50 and the interest on $300 from December 19th, 1859, which became due from him to the plaintiff on the 1st day of September, 1860.

Schroeppel *v.* Hopper.

*W. H. Shumway,* for the appellant. I. The agreement or contract set forth in the complaint is void. The plaintiff, as administratrix, could not make an agreement for the sale of the real estate of the intestate, or for the specific performance of the contracts of the intestate, made by him in his lifetime. Every contract made by an administrator for the sale of the real estate of the intestate, without the prior and necessary order therefor, is absolutely void. (*Overseers of Bridgewater* v. *The Overseers of Brookfield,* 3 *Cowen,* 299. *Herrick* v. *Grow & Brown,* 5 *Wend.* 579.) The contract is not executed by the parties to this action, nor is there any proof that Mary H. Schroeppel or McKoon were authorized to make it for them.

II. But if the contract were valid and binding upon the parties, the plaintiff had neither performed nor offered to perform on her part. The deeds were, by the agreement, to be executed and exchanged within three months from the date thereof. The tender of the deeds, by Chase, was made in the spring of 1861, about one year after the execution of the deeds, and more than a year after the expiration of the three months; and no valid excuse is made for the laches. (*Jackson* v. *Edwards,* 22 *Wend.* 498, opinion, 510, 511.)

*D. Pratt,* for the respondent. I. Land contracts are assets and pass to the personal representatives of a deceased vendor. His heirs are merely naked trustees of the legal title, the vendee being deemed in equity seised of the fee. (*Matter of Everit,* 2 *Edw. Rep.* 597. *Livingston* v. *Newkirk,* 3 *John. Ch.* 312. *Champion* v. *Brown,* 6 *id.* 398. *Johnson* v. *Corbett,* 11 *Paige,* 265. *Griffith* v. *Beecher,* 10 *Barb.* 432.)

II. The contract being assets in the hands of the administratrix, it was a matter entirely for her to settle, ascertain the amount due, and make such arrangement for the payment of the balance found due, as she might deem for the interest of the intestate.

III. Where the purchaser refuses to perform, the personal

Schroeppel *v.* Hopper

representative of the deceased vendor may enforce the performance of the contract in equity. (*Hinton* v. *Hinton,* 2 *Ves. sen.* 631. *Barker* v. *Hill,* 2 *Rep. in Ch.* 721. *Boyce* v. *Prickett,* 6 *Dana,* 231. *Fry on Specif. Perf.* 47.)

IV. The heirs are generally necessary parties, as they have an interest in disputing the contract. But in this case all the adult heirs recognized the contract and conveyed before the commencement of the suit, their interest to the plaintiff to enable her to enforce it. The only infant heir executed a deed under an order of the court, which was ready for delivery. The plaintiff tendered her own deed and that of the infant, before the commencement of the suit. The case of *Boyce* v. *Prickett,* (6 *Dana* 231,) is in point. In that case the vendor died, leaving a widow and infant heirs. A deed was made by them under an order of the court, and then the administrator brought an action with the heirs for specific performance, and compelled the purchaser to accept the deed and perform on his part.

V. The administratrix was the proper party to institute the action for a specific performance of the contracts, against the defendant. She was authorized to commence a suit upon the original contracts, to compel the defendant to accept a conveyance and pay the purchase price. The contract of December 19th, 1859, merely settled the amount due, and the time and manner of payment. It neither augmented nor diminished the equity of the plaintiff for specific performance.

VI. Whether McKoon was authorized to act for the defendant, was a question of fact upon conflicting testimony, and the decision of the referee is therefore final.

VII. Time, in a contract for the sale of land, is not generally deemed of the essence of the contract. (*Edgerton* v. *Peckham,* 11 *Paige,* 352.) The defendant cannot retain possession and insist upon a forfeiture. (*Brown* v. *Dewey,* 2 *Barb.* 28.) Neither can he insist upon a forfeiture, without offering to perform on his part. (*Brush* v. *Vandenbergh,* 1 *Edw.* 21) Besides, performance at the day was waived.

*By the Court,* MORGAN, J.   This was an action in equity brought by the administratrix of H. W. Schroeppel, deceased, to compel the defendant to perform his contract, made by him with the deceased, as it was afterwards modified by his widow and administratrix.   The defendant Hopper, in 1857, purchased of Schroeppel two parcels of land, at two different times, and went into possession, which he still retains.  On payment of the purchase price Schroeppel agreed to execute good and sufficient deeds of conveyance.   Hopper made payments on both of the contracts during Schroeppel's lifetime.   After his death, in 1859, a controversy arose as to the payments, and thereupon Mr. McKoon for Hopper, and Mary Schroeppel for the administratrix, came to a settlement, which they reduced to writing ; by which it was agreed that there was due upon the two contracts the sum of $353.   It was further agreed that Hopper should pay down the sum of $53, and secure the payment of the residue in six annual installments, on the 1st of September of each year, with annual interest, by his mortgage on the premises, on the delivery to him of a good and sufficient deed, which the administratrix was to cause herself and the heirs of said Henry W. Schroeppel to execute : the papers to be exchanged within three months from the date of the agreement, (December 19th, 1859.) McKoon, on behalf of Hopper, paid down the $53, and the plaintiff procured the adult heirs of H. W. Schroeppel to execute to her a warranty deed of the premises ; and on her petition the supreme court appointed a guardian for the infant heir, and she then obtained a deed from the infant heir, conveying his interest in the premises directly to Hopper.   The plaintiff then executed her own warranty deed to the defendant and offered it to him together with the deed of the infant heir, and demanded a mortgage, in pursuance of the modified agreement of December 19th, 1859.   On his refusal to perform it this action was brought to compel performance.

I had doubts, at first, whether the vendee of lands could come into a court of equity and demand specific performance,

when he had an adequate remedy by suit at common law to recover the contract price in damages. In *Fry on Spec. Perf. of Contracts*, (*p.* 11,) it is said to be well established that the remedy is mutual, and that the vendee may maintain his bill in all cases where the purchaser could sue for specific performance of the agreement. And in the case of *Craig* v. *Smith*, in the court of appeals, (2 *Comst.* 60,) it was held that the court of chancery had jurisdiction in such a case, although the complainant had a remedy at law upon the contract. I am of opinion, therefore, that this court, sitting as a court of equity, has jurisdiction of the action. The defendant's counsel makes a point that the plaintiff, as administratrix, could not make the modified contract of December 19th, 1859, and he cites cases to show that administrators have no concern with the real estate of the intestate, and cannot enter into a binding contract of sale. The cases he refers to are not in point, however, for here the contract of sale was made by H. W. Schroeppel in his lifetime, and the defendant was in possession. Schroeppel's heirs were but naked trustees of the title, and the unpaid purchase money belonged to the administratrix. (*Matter of Everit*, 2 *Edw.* 597.) She did not sell the land, but she undertook to modify the terms of payment. It is not for the defendant to object that such a contract is not binding, after the administratrix had acted under it so far as to have extinguished the title of those who alone have a right to complain of it. To allow the defendant to take the objection after the administratrix has in good faith obtained the title, with a view of complying with its terms, would operate as a fraud upon her. The settlement of the unpaid balance was clearly within her authority, and the stipulation to take the mortgage was inserted for the sole benefit of the defendant himself, and perhaps should not be imposed upon him if he prefers to perform the original contract, by paying the money instead of giving a mortgage. If it is therefore conceded that this portion of the contract was without authority, the result would be, that the decree, in-

stead of requiring the defendant to execute his mortgage to secure the payment of the $300, at the times therein specified, should have required the defendant to pay it in money on the delivery to him of the deeds conveying the title to the lands in question. According to the case of *Boyce* v. *Prickett,* (6 *Dana,* 231,) the plaintiff might have asked for a decree that the land itself should be sold to satisfy the balance unpaid upon the contract. It was objected upon the argument that the heirs were unnecessary parties; but I think the objection is not well taken, as they have all consented to have the contract executed, and have voluntarily vested the title in the plaintiff to enable her to perform it. The only object in making them parties would be to give them an opportunity of disputing the contract; but having executed it already so far as, and even farther than they could be required to do, (*Hill* v. *Ressigieu* 17 *Barb.* 162,) it would be idle to make them parties.

It is further objected that McKoon had no authority to settle and make the modified contract. This was a fair question of fact, and we cannot reverse the conclusion of the referee in respect to it. It is also objected that the plaintiff did not tender the deeds within the three months, and not until the spring of 1861. But time is not generally of much importance, when both parties acquiesce in extending it. If the defendant desired to rescind the contract because the plaintiff was not in time, he should have done so promptly, by surrendering the possession of the premises. It is absurd for the defendant to contend that the contract is at an end, while he is in possession of the lands, holding under it. The printed case shows a clerical mistake in the guardian's deed. If there is a mistake in fact, it should be corrected before the defendant is required to perform on his part.

Another objection is, that twenty acres of this land were sold for taxes which had been assessed upon the premises before the contract of sale. But the tax title is already in the defendant, and the referee found as a matter of fact, upon contradictory evidence, that the amount paid by the defendant

to procure the tax title was by agreement to be allowed upon the contract. We cannot, therefore, disturb the finding of the referee, and it fully disposes of the objection.

On the whole, I see no reason for reversing the general conclusion of the referee. But I think the judgment entered up on his report should be modified, by providing that the defendant, upon presentation to him of the warranty and of the plaintiff and the guardian's deed, properly drawn and authenticated, be required to pay the balance of the purchase price, viz. $300, with interest thereon at seven per cent, to the time of such payment; or, in default thereof, that he be required to execute a mortgage upon the premises in question, conditioned for the payment of the sum as specified in the contract in exhibit "I" of the printed case. With this modification, the judgment should be affirmed, but without costs in this court.

Ordered accordingly.

[ONONDAGA GENERAL TERM, April 7, 1863. *Allen, Mullin, Morgan* and *Bacon*, Justices.]