Hawley Pettibone and Others, Appellants, v. Maria Moore, Respondent.

75h    461
40 Mis¹ 95

*A complaint demurred to assumed to be true — written offer without consideration — how withdrawn — an oral acceptance thereof, although not enforcible against the acceptor creates a valid obligation against the party making the offer — Statute of Frauds.*

In determining the sufficiency of a complaint, upon the argument of a demurrer, it must be assumed that the facts stated therein, as well as such as may by reasonable and fair intendment be implied from the allegations thereof, are true.

A written instrument, given without consideration, which amounts to an offer, may be accepted by acts or words before its revocation and within the time therein specified, and such acceptance constitutes a sufficient legal consideration for the engagement.

A written offer, which specifies therein the time for its continuance, presumptively remains open for that time, and if within such time the person making such offer decides to revoke it, it is her duty to so notify the other party.

A binding contract, enforcible in equity, may be constituted by the proposal of one party and the acceptance of the other. If the proposal is in writing, signed by the party to be charged, and contains all the terms of the proposed contract, a simple assent only is required of the other party, which may be verbal, and the contract as against the party signing is good within the Statute of Frauds.

The fact that a contract, by reason of the acceptance being verbal, may not be enforcible against the party accepting, is no defense to the party signing the same.

APPEAL by the plaintiffs, Hawley Pettibone and others, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 5th day of July, 1893, upon the decision of the court, rendered at the Onondaga County Special Term, sustaining the defendant's demurrer to the complaint, with notice of an intention to review the order sustaining such demurrer.

This action was brought for the specific performance of a written instrument which is set out in the complaint and is as follows:

"TRENTON FALLS, *June* 3, 1891.

" This agreement, made this 3rd June, 1891, between Maria Moore, Trenton Falls, N. Y., Oneida county, parties of the first part, and Hawley Pettibone, Hartford, Ct., and J. W. Jenkins, of Vernon, Oneida county, N. Y., of the second part, witnesseth:

"That the part— of the first part for and in consideration of the annual rental of $1,000 and furnishing the electrical power for lighting of the two hotels and cottage and pleasure grounds adjoining of the party of the first part, for three months of each year, agrees to let to the parties of the second part, their heirs and assigns, the sole right to utilize for power purposes the falls known as Milldam Fall and High Falls and the water of the West Canada Creek, and right of way for the erection of suitable dam and conduit and plant and maintenance thereof to utilize said power.

"The parties of the second part are to protect or maintain the walks on the west bank of said creek that may be interfered with the erection of said dam. This agreement or lease is binding for six months from date. Party of the first part will give on the above terms a lease for ninety-nine years to the parties of the second part subject to payment of annual rental.

"MARIA MOORE,

"Party of the first part.

"HAWLEY PETTIBONE,

"J. W. JENKINS,

"Parties of the second part.

"Witness.—C. E. MOORE."

It was also alleged that, after the making of the said agreement and on the strength of it, the plaintiffs expended large sums of money in the purchasing and leasing of other rights and premises near and adjoining the premises therein mentioned, and to be used in connection therewith and so as to enable the plaintiffs to use the water power of the stream leased from defendant, and that they spent much time in effecting such purchases and leases; that unless specific performance of defendant's agreement can be had plaintiffs cannot avail themselves of the other rights acquired; that before the expiration of the agreement with defendant, the plaintiffs, being desirous of making a lease with defendant for the term of ninety-nine years as provided in said agreement, "made a legal tender to the defendant of the sum of $1,000, at the same time producing duplicate leases for the term of ninety-nine years from the date thereof, of the above-mentioned premises and rights, drawn in conformity with the provisions of said agreement of June 3, 1891, which said duplicate leases were duly signed by the said Pettibone

& Jenkins, and the said defendant was requested to sign the same; that she refused to accept the said sum of money and refused to sign said leases and still refuses so to do as plaintiffs are informed and believe."

The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action.

*William Kernan,* for the appellants.

*Matteson & DeAngelis,* for the respondent.

MERWIN, J.:

The agreement in question was not under seal, and it is not alleged that possession was taken under it. The claim of the defendant is that the instrument was simply an option for a lease and void because given without consideration.

The plaintiffs claim that the instrument should be construed to be a lease for six months with the privilege of a renewal for ninety-nine years. It is conceded that if such is the construction, there would be a sufficient consideration to support the promise to renew. It was held at Special Term that the instrument was simply an option for a lease and void for want of consideration.

It is, however, claimed by the plaintiffs that, if the agreement was simply an option, it is alleged in the complaint that they elected to take it and tendered the rent for a year and a lease in duplicate, signed by them, which they requested the defendant to sign, and that, therefore, they are entitled to enforce the agreement and have the lease. This view of the case seems to call for some further consideration.

In determining the sufficiency of the complaint, it must be assumed that the facts stated therein, as well as such as may by reasonable and fair intendment be implied from the allegations made, are true. (*Milliken* v. *Western Union Tel. Co.,* 110 N. Y. 403.)

Applying this rule and treating the agreement as an offer only, its acceptance within the time of its continuance is in substance alleged and a notification thereof to the defendant. The offer standing alone was without consideration, and the defendant had a right at any time before acceptance to revoke it. The plaintiffs

had the right to accept at any time before its revocation and within the time specified in it. A time having been specified for its continuance, the offer was presumptively open for that time (*Mactier* v. *Frith*, 6 Wend. 103), and if within that time the defendant desired to revoke it, it was her duty to notify the other party. (1 Chitty on Cont. [11th Am. ed.] 16.) If, before such notice, they accepted there became a completed bargain. The acceptance might be by acts as well as by words. (Fry on Spec. Perf. § 184; Waterman on Spec. Perf. 137; *White* v. *Corlies*, 46 N. Y. 467.) The vital question here is not whether there was a consideration for the offer, but whether by acceptance there became a completed bargain. If so, then the offer as accepted showed the terms of the contract and the consideration upon either side. The acceptance or assent imported an undertaking by the acceptor to do and perform all that by the terms of the contract he was required to do or perform. (See 1 Pars. on Cont. [6th ed.] 481; 1 Chitty on Cont. 11, and note; *Bos. & M. R. R. Co.* v. *Bartlett*, 3 Cush. 224.)

In the *Bartlett* case (p. 227) it is said in regard to an offer to sell real estate: " In the present case, though the writing signed by the defendants was but an offer, and an offer which might be revoked, yet, while it remained in force and unrevoked, it was a continuing offer during the time limited for acceptance; and during the whole of that time it was an offer every instant, but as soon as it was accepted it ceased to be an offer merely, and then ripened into a contract. The counsel for the defendants is most surely in the right, in saying that the writing, when made, was without consideration, and did not, therefore, form a contract. It was then but an offer to contract; and the parties making the offer most undoubtedly might have withdrawn it at any time before acceptance. But when the offer was accepted, the minds of the parties met, and the contract was complete. There was, then, the meeting of the minds of the parties, which constitutes and is the definition of a contract. The acceptance by the plaintiffs constituted a sufficient legal consideration for the engagement on the part of the defendants. There was, then, nothing wanting in order to perfect a valid contract on the part of the defendants. It was precisely as if the parties had met at the time of the acceptance, and the offer had then been made and accepted and the bargain completed at once."

A binding contract, enforcible in equity, may be constituted by the proposal of one party and the acceptance of the other. (Fry on Spec. Perf. § 166.) If the proposal is in writing by the party to be charged, and contains all the terms of the proposed contract, so that a simple assent is only required of the other party, that assent or acceptance may be verbal, and the contract as against the party signing be good within the Statute of Frauds. (Fry on Spec. Perf. § 181; 1 Chitty on Cont. 96; Pomeroy on Spec. Perf. §§ 76, 93; Waterman on Spec. Perf. § 137.)

The fact that the contract, by reason of the acceptance being verbal, may not be enforcible against the plaintiffs, is no defense for the defendant. (*Justice* v. *Lang,* 42 N. Y. 494; *Mason* v. *Decker,* 72 id. 595.)

The case of *The Chicago & G. E. R. R. Co.* v. *Dane* (43 N. Y. 240), cited by the counsel for defendant, is not applicable here. There the proposal of defendant was to transfer iron not exceeding a specified number of tons at a specified rate. The plaintiff simply assented to the proposal and did not specify any number of tons. That left the arrangement indefinite and optional with plaintiff as to whether he would furnish any iron for transportation. There was, therefore, no promise, express or implied, to support the promise of defendant, and no consideration for defendant's promise. It was said that if the acceptance had been for a definite amount within the limit, a contract mutually obligatory would have resulted therefrom.

We are, therefore, of the opinion that upon the allegations of the complaint the agreement there set out should not be deemed to be void for want of consideration. It is not claimed that the complaint in any other respect is defective.

It follows that the judgment must be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to answer within twenty days upon payment of the costs of the demurrer and of the appeal.