(105 App. Div. 287.)

## JONES v. BARNES.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. VENDOR AND PURCHASER—CONTRACT—CONSIDERATION—PAYMENT—EVIDENCE.

Where a written option for the sale of real estate recited, in consideration of $1 "to me paid," and the holder of the option testified that such amount was actually paid to the grantor of the option, his testimony, in addition to the written statement in the option, constituted a preponderance of the evidence sufficient to sustain a finding that the consideration was paid, as against the testimony of the grantor that the amount was not paid.

2. SAME—SPECIFIC PERFORMANCE—MUTUALITY OF OBLIGATION.

Where defendant gave plaintiff an option to purchase certain real estate, which plaintiff accepted within a time specified, on such acceptance the element of mutuality arose, and plaintiff was not precluded from obtaining specific performance on the ground that the option itself was unenforceable for want of mutuality.

3. SAME—ESTOPPEL.

Where plaintiff, after accepting an option to purchase real estate, made a tender of the price and demanded performance, and, on performance being refused, commenced an action to compel specific performance, plaintiff thereby estopped himself from claiming that he was not bound by the contract.

4. SAME—DEED—JOINDER OF WIFE—REFUSAL.

Where a purchaser consented to take title subject to the inchoate right of dower of the vendor's wife, her refusal to join in the deed was insufficient to prevent a decree of specific performance.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 24, 50.]

5. SAME—DAMAGES—ADEQUATE REMEDY AT LAW.

In a suit for specific performance it is no defense that defendant is responsible and that plaintiff has an adequate remedy at law.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 5–8.]

6. SAME—DISCRETION.

The right to the specific performance of a contract for the sale of land rests in judicial discretion, and may be granted or withheld according to all the circumstances, etc.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 17, 18.]

Appeal from Special Term, Chenango County.

Suit by Samuel A. Jones against Buell E. Barnes. From a decree in favor of plaintiff, defendant appeals. Affirmed.

The action is one brought for the specific performance of a contract. The defendant, on the day it bears date, executed and delivered to the plaintiff an option agreement reading as follows:

"Norwich, N. Y., May 4, 1904.

"In consideration of $1.00 to me paid, I hereby agree to sell my house and lot on South Broad Street to S. A. Jones, for the sum of $3,000.00, this option to hold good until May 12, 1904.                     Buell Barnes."

The defendant at that time was the owner of the premises mentioned in said agreement, subject to the inchoate right of dower of his wife therein. On May 11, 1904, the plaintiff tendered the sum of $3,000 to the defendant for a deed of such premises. The defendant refused to accept such tender and give such deed, and his wife refused to join in the execution of a deed thereof to the plaintiff. Upon such refusal, the plaintiff told the defendant he would deposit the money in the Chenango National Bank, and he could get it there by leaving the deed.

The only disputed question of fact on the trial was as to the payment of the $1 mentioned in the option agreement. The plaintiff swore that he paid the dollar to the defendant, and the defendant denied it. The court found that the $1 was paid at the time of the delivery of the instrument. Upon the trial the plaintiff stipulated that he was willing to accept a deed of the premises in question executed by the defendant alone, subject to the inchoate right of dower of the defendant's wife, and to pay to the defendant $3,000 therefor. The court rendered a decision in favor of the plaintiff, and judgment decreeing specific performance thereon was duly entered, from which judgment defendant appeals.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Hubert L. Brown, for appellant.
Nelson P. Bonney, for respondent.

CHESTER, J. The finding that the consideration of $1 mentioned in the agreement was paid to the defendant by the plaintiff on the 4th day of May, 1904, is sustained by the evidence, and by the preponderance thereof. The defendant, it is true, denied it, but the plaintiff testified to it; so, as between them, with nothing to discredit the statement of either, there was no preponderance of evidence one way or the other. But the plaintiff had, in addition to his testimony, the following recital in the agreement itself, signed by the defendant: "In consideration of $1.00 to me paid." This recital is an acknowledgment by the defendant that the amount was paid to him, and was sufficient, together with the plaintiff's testimony that he had in fact paid it, to make a preponderance of evidence in his favor and to support the finding of the court, notwithstanding the denial of the defendant.

The appellant insists that the trial court erred in finding that this contract is enforceable in equity, because, as he claims, it is without

mutuality. It is undoubtedly the rule that, in order to justify a court of equity in decreeing specific performance, there must be a contract which in general is mutual in its obligations and in its remedy. Mahaney v. Carr, 175 N. Y. 454–461, 67 N. E. 903; Stokes v. Stokes, 148 N. Y. 708–716, 43 N. E. 211. I do not think it is necessary to determine what the rule of law would be as applied to the option agreement alone, for here the option had, within the time fixed therein, been accepted by the plaintiff. Even if there was no mutuality in the obligations of the agreement before acceptance by the plaintiff, yet, the moment he accepted the option given him the element of mutuality arose, and the defendant was bound to sell and the plaintiff was bound to buy. Johnston v. Trippe (C. C.) 33 Fed. 530.

It is said in 21 Am. & Eng. Enc. of Law, 929 (2d Ed.):

"Whatever diversity of opinion may have existed as to the mutuality of obligation prior to the acceptance of the option, * * * the courts are unanimous in declaring that, after such acceptance of the terms by the holder of the option, the parties are mutually bound, and either one may compel specific performance by the other."

In Wilcox v. Cline, 70 Mich. 517, 38 N. W. 555, it was held that the acceptance of a written offer to sell real estate within a limited time makes a complete and mutual contract, capable of enforcement in equity. In that case the acceptance, as well as the offer, was in writing. In the case at bar the acceptance was made by a tender of the amount named in the option as the purchase price of the premises, and by keeping that tender good, but, under the authorities, the fact that the acceptance was not in writing does not alter the case.

In Pettibone v. Moore, 75 Hun, 461, 27 N. Y. Supp. 455, Merwin, J., says:

"A binding contract, enforceable in equity, may be constituted by the proposal of one party and the acceptance of the other. Fry on Specific Performance, § 166. If the proposal is in writing by the party to be charged, and contains all the terms of the proposed contract, so that a simple assent is only required of the other party, that assent or acceptance may be verbal, and the contract, as against the party signing, be good within the statute of frauds. Fry on Spec. Perf. § 181; 1 Chitty on Cont. 96; Pomeroy on Spec. Perf. §§ 76, 93; Waterman on Spec. Perf. § 137."

The following cases are to the same effect: Worrall v. Munn, 5 N. Y. 229, 55 Am. Dec. 330; Clason v. Bailey, 14 Johns. 484; Old Colony Railroad Corporation v. Evans, 6 Gray, 25, 66 Am. Dec. 394; O'Brien v. Boland, 166 Mass. 481, 44 N. E. 602; Houghwout v. Boisaubin, 18 N. J. Eq. 315; Guyer v. Warren, 175 Ill. 328, 51 N. E. 580; Cheney v. Cook, 7 Wis. 413; Rogers v. Saunders, 16 Me. 92, 33 Am. Dec. 635; Appeal of Smith, 69 Pa. 474.

The case then presents a situation where there is mutuality in the obligations of the parties, and it appears to be one which is properly excepted from the general rule as to mutuality of remedy. Pomeroy on Specific Performance (2d Ed.) §§ 168, 169, and 170, and notes. The plaintiff, by his tender and by the commencement of this action, has estopped himself from claiming that he is not

bound by the agreement, and nothing appears on this branch of the case to stand in the way of his asking the court to decree specific performance against the defendant. Ross v. Parks (Ala.) 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47.

The plaintiff having consented to take subject to the inchoate right of dower of the defendant's wife, her refusal to join in the deed should not prevent such a decree. Dixon v. Rice, 16 Hun, 422.

The facts that the defendant is responsible and that the plaintiff has an adequate remedy at law for damages do not, under the authorities, preclude the latter from suing for a specific performance. This principle was stated by Chancellor Walworth in the early cases of Brown v. Hoff, 5 Paige, 234–240, 28 Am. Dec. 425, and Phyfe v. Wardell, 5 Paige, 268–282, 28 Am. Dec. 430, and has been followed in many cases since. Crary v. Smith, 2 N. Y. 60; Stone v. Lord, 80 N. Y. 60; Baumann v. Pinckney, 118 N. Y. 604, 23 N. E. 916; Schroeppel v. Hopper, 40 Barb. 425; Losee v. Morey, 57 Barb. 561.

The defendant does not live upon the premises, but leases them, and the plaintiff's intention in purchasing the place was to occupy it as a home. These are facts which the court had a right to consider in determining whether it would exercise its discretion to compel specific performance. The right to the specific performance of a contract rests in judicial discretion, and may be granted or withheld upon a consideration of all the circumstances and in the exercise of a sound discretion (McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527; Winne v. Winne, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647), and we think the discretion was rightly exercised in this case.

The judgment should be affirmed, with costs. All concur.