### LINDENBAUM v. MARX.

(Supreme Court, Appellate Term. February 5, 1909.)

VENDOR AND PURCHASER (§ 3*)—DEPOSIT RECEIPT—CONSTRUCTION.

Defendants signed an instrument reciting, "Upon receipt of $50 deposit on prop." located as described, contract to be drawn July 18th, and on signing contract 10 per cent. to be paid in cash, the balance on delivery of deed; "The price to $5,200, $1,500 cash and a standing mortgage for five years at 5½ per cent. for $3,700," dated and signed. *Held*, that such deposit was made as a part of the purchase price, and was not given merely to secure the making of a future contract of sale.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 3.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Marcus Lindenbaum against Herman Marx. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Clinton T. Roe, for appellant.
Simon Rasch, for respondent.

GILDERSLEEVE, P. J. The facts in this case are undisputed, having been admitted upon the trial by the counsel for the respective

parties. The plaintiff offered in evidence, a writing, Exhibit 1, signed ·
by the defendant, which reads as follows:

"Upon receipt of $50 deposit on prop. located Maple Avenue, No. 37, size
50x100, with buildings on same. Contract to be drawn July 18; on signing
contract 10% to be paid in cash, the balance on the delivery of deed. The
price to $5,200; $1,500 cash and a standing mortgage for 5 years at 5½%
for $3,700.

"Flushing, N. Y., July 14, 1908.                        Herman Marx."

The plaintiff then admitted upon the record:

"That no contract was made as provided for in that paper, and that the
plaintiff refused to sign such a contract, and demanded an alteration of its
terms."

It was also admitted that the defendant was always ready to carry
out the terms of the deposit receipt, and that the defendant had re-
ceived the amount specified in the writing, that the same had been
demanded of him, and that he refused to pay the same to the plain-
tiff. The court below thereupon rendered judgment in favor of the
plaintiff for said sum of $50.

The sole question to be determined is, Was the deposit of $50 made
as part of the purchase price, or was it given merely as security for the
making of a future contract? If the writing was so ambiguous as to
require parol evidence to show the real intent of the parties, then it
would have devolved upon the plaintiff to show that the payment was
made as a guaranty, or security or penalty for nonperformance, and
not as a deposit on account of the purchase price, as it is incumbent
upon the plaintiff to prove every essential necessary to sustain his
cause of action. This he failed to do. The learned trial justice, in
making his decision, relied upon the case of the Broadway Renting
Co. v. Walpin, 59 Misc. Rep. 199, 110 N. Y. Supp. 151. That was a
case of rental, and the payment there made was "a deposit given by
the proposed lessee as security for the plaintiff's fulfillment of its
promise to execute a lease." There is a material distinction between a
contract for a purchase and an agreement to rent. Upon a contract
for a lease, the deposit is usually given as a guaranty that the lease
will be made and as a penalty for nonperformance. Upon a contract
for purchase a deposit is ordinarily made upon the purchase price.

The writing under consideration does not indicate that the de-
posit was intended to be a guaranty that the plaintiff would enter into
a contract, or as security for his doing so, or as a penalty or forfeiture
in case he did not do so. It is crudely drawn; but in construing·
writings of that nature we must apply the ordinary rule governing
transactions of this kind. The writing clearly declares that it is a
deposit "on prop.," and because it provides for the future execution
of a more formal contract it is none the less a valid, enforceable con-
tract for the purchase of real estate. If the defendant had refused
to convey, there can be no question but that a court of equity would
compel him to do so, and, had the plaintiff been willing to perform,
no question could have been made as to his right to have the $50
paid by him credited on the amount of the purchase price. It was a
real estate transaction pure and simple, and falls squarely within those
cases like Abramowitz v. Gray, 50 Misc. Rep. 638, 98 N. Y. Supp.

·1096; Roth v. Goodman, 52 Misc. Rep. 509, 102 N. Y. Supp. 683; Kroshinsky v. Klein, 51 Misc. Rep. 674, 101 N. Y. Supp. 13. In the case last cited the receipt read, "As a deposit on house No. 20 Ames street, Brooklyn," and then specified price, mortgages, payments, etc., and provided that "contract shall be drawn on 24th March"; and it was there held to be a deposit on the purchase, and that it could not be recovered back. In the case at bar the deposit is "on prop.," which is equally as indicative of the intent of the parties as a deposit "on house."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.