CATHERINE M. WALSH, Plaintiff, *v.* AUGUSTUS Y. VAN AMRINGE, Defendant.

(Supreme Court, Westchester Special Term, April, 1918.)

Specific performance — memorandum of sale must disclose name of intending purchaser — Real Property Law, § 259.

A memorandum for the sale of real property which does not disclose the name of the intending purchaser is not sufficient under section 259 of the Real Property Law and cannot be made the basis of an action for specific performance.

ACTION for specific performance.

Barrett & Buckbee (Floyd M. Grant, of counsel), for plaintiff.

Meighan & Necarsulmer, for defendant.

PLATT, J. Plaintiff brings an action for specific performance based on three memoranda of the sale.

PLAINTIFF'S EXHIBIT 2.
" NEW YORK, *Aug.* 5*th* 1916.
" Received from I. & A. G. Wright as Agents, fifty and no/100 Dollars, same being on acct. of purchase price of 5.19 acres on Tailors Lane as shown on map of Kirby & Son, Price $1500, balance to be paid in 30 days. Contract to be drawn by seller.
" AUGUSTUS Y. VAN AMRINGE. $50.00."

PLAINTIFF'S EXHIBIT 4.
" This check is
void unless
receipt is signed
by payee.
" I. & A. G. WRIGHT
" Real Estate and Insurance
" WHITE PLAINS, N. Y., *Aug.* 5*th,* 1916,
No. 8156.
" Pay to the order of Augustus Y. Van Amringe $50.00 Fifty and no/100 dollars. To the County Trust Co. White Plains, N. Y.
" I. & A. G. WRIGHT.
" Received of I. & A. G. Wright, Fifty and no/100 dollars in % purchase price of 5.19 acres.
" Date *Aug.* 5*th,* 1916
" Signature of Payee
"AUGUSTUS Y. VAN AMRINGE.

Indorsed:

" AUGUSTUS Y. VAN AMRINGE

" Pay to the order of the
First Natl. Bank,
Mamaroneck, N. Y.

" I VAN AMRINGE & SON."

PLAINTIFF'S EXHIBIT 5.

" It is hereby conceded, stipulated and agreed that
on this day, Catherine M. Walsh tendered the sum of
Fourteen hundred and Fifty Dollars ($1450) to
Augustus Y. Van Amringe and demanded of Mr. Van
Amringe a deed of a certain salt meadow on Taylor's
Lane in the Town of Rye, the map of which was made
by J. A. Kirby & Sons, dated November 1911, con-
taining 5.190 acres. Mr. Van Amringe, through his
attorneys, stated that he is now compelled to decline
the amount so tendered and the request to execute and
deliver such a deed. Mr. Van Amringe does not con-
cede that any contract exists whereby he may be called
upon to execute or deliver such a deed.

" AUGUSTUS Y. VAN AMRINGE."
" Dated, *September* 5, 1916."

The defendant claims that these papers do not con-
stitute a sufficient memorandum of the sale under sec-
tion 259 of the Real Property Law, in that they do
not divulge the name of the purchaser. Exhibits 2
and 4, both dated and delivered at the same time, con-
sidered together show that the defendant received
fifty dollars from I. & A. G. Wright, as agents, but
do not state whom they were agents for. Exhibit 5
forms no part of the contract or memorandum thereof,
but is a disavowal of the same by the defendant.

In *Carney* v. *Pendleton,* 139 App. Div. 152; *Petti-
bone* v. *Moore,* 75 Hun, 461, and *Jones* v. *Barnes,* 105
App. Div. 287, the names of the respective purchasers

were given in the memoranda and sufficiently appeared in *Fox* v. *Hawkins,* 150 id. 801. In *Lindenbaum* v. *Marx,* 62 Misc. Rep. 310, the sole question decided was whether the deposit was made as part of the purchase price or given merely as security. In *Langstroth* v. *Turner Cypress Lumber Co.,* 162 App. Div. 818, it was held that, when the writing discloses that one of the persons is avowedly acting as an agent for some one else, the memorandum must indicate the parties; and in *Mentz* v. *Newwitter,* 122 N. Y. 491, the court, quoting from Sir James Mansfield, Ch. J., said "'How can that be said to be a contract or memorandum of a contract which does not state who are the contracting parties. By the note, it does not appear to whom the goods were sold. It would prove a sale to any other person as well as the plaintiff.' "

Complaint dismissed, with costs.