BESSIE M. SHEA, Appellant, v. DRUSILLA SOUTHWICK and Others, Respondents.

*Vendor and purchaser — transfer of option to purchase — when specific performance may be enforced.*

Appeal from a judgment of the Supreme Court, entered in the Monroe county clerk's office November 11, 1920, upon the decision of the court, rendered after a trial at the Monroe Special Term.

PER CURIAM: Defendants for a valuable consideration gave Edward J. Shea a written option for thirty days to purchase certain real property upon specified terms. Edward J. Shea transferred the option to the plaintiff. Due and timely notice of the transfer and of her election to exercise the option were given by plaintiff to defendants. The decision held that thereby the option became a binding obligation upon all the parties. Defendants refused to perform. This action was brought for specific performance. The court at Special Term directed judgment in favor of defendants " on the sole ground that specific performance cannot be enforced in equity." The judgment was erroneous and should be reversed. (*Carney* v. *Pendleton*, 139 App. Div. 152; *Fox* v. *Hawkins*, 150 id. 801; *Pettibone* v. *Moore*, 75 Hun, 461; *Jones* v. *Barnes*, 105 App. Div. 287; *Epstein* v. *Gluckin*, 233 N. Y. 490.) Judgment reversed upon the law, with costs and judgment directed for the plaintiff on the findings, with costs. All concur; Davis, J., not sitting.

---

TEN EYCK O. BURLESON, Plaintiff, v. MELVIN G. BUNDY, Defendant.

*Damages — measure of, for wine and barrels in conversion after Prohibition took effect — evidence.*

Motion for a new trial upon a case containing exceptions ordered to be heard at the Appellate Division in the first instance, after a trial at the Steuben Trial Term, in January, 1922.

PER CURIAM: The measure of damages was the value of the wine and barrels at the time and place that they were taken by defendant and, inasmuch as the wine could not at the time be legally sold and as there was no market value, another criterion of value must be adopted, which would be the usable value at the time of the conversion and, in determining that value, the jury may take into consideration the market value of the wine within a reasonable time before prohibition and all the surrounding facts and circumstances, including the fact that, under the law, the wine could not be legally replaced. All concur, except Davis, J., who dissents and votes for affirmance. Plaintiff's exceptions sustained and new trial granted, with costs to plaintiff to abide the event.