MARIO MONTANO et al., Plaintiffs, *v.* HARRY KIMMEL, Defendant.
Supreme Court, Special Term, Kings County, June 15, 1945.

*David B. Williams* for defendant.

*Hyman Mates* for plaintiffs.

SWEZEY, J. This is a motion by defendant to strike the action from the equity calendar on the ground that plaintiffs' alleged cause of action is one at law.

This action was brought for specific performance to compel defendant to fulfill his contract with the plaintiffs by having this court decree his forthwith removal from the apartment. The gravamen of the action is specific performance and arises from the contract of purchase and sale. The defendant contends that because of the provision in the contract for a six months' lease, he became the plaintiffs' tenant and so comes within the protection of the rent regulations (Rent Regulation for Housing in the New York City Defense-Rental Area, 8 Fed. Reg. 13914). It is to be noted that the dealings between the parties concerned primarily a contract of purchase and sale of a house. The reference therein to a six months' lease, while important, was but incidental and subordinate to such contract. By invoking the rent regulations, it seems to me that the defendant overlooks the fact that such regulations refer to

situations where the owner of property desires to evict a tenant as such, so as to occupy the latter's apartment for his own use. It is my view that the rent regulations, however, do not refer to a situation of a purchaser and seller such as in the case at bar, where the seller agrees to vacate his own apartment at a specified time and deliver same to the purchaser as part of the bargain.

Defendant's further contention that plaintiffs have an adequate remedy at law is without merit. It is well settled that a vendee can maintain an action in equity against his vendor to compel specific performance of the contract of sale, although he has an adequate remedy at law. (*Baumann* v. *Pinckney,* 118 N. Y. 604, 613; *Jones* v. *Barnes,* 105 App. Div. 287, 291.)

The right to specific performance of a contract rests in judicial discretion and may be granted or withheld upon a consideration of all the circumstances and in the exercise of such discretion (*McPherson* v. *Schade,* 149 N. Y. 16, 21; *Jones* v. *Barnes, supra*).

The motion to strike the case from the equity calendar is accordingly denied. Settle order on notice.