Per Curiam.

Plaintiff should be placed in full possession of the premises at 1858 Harrison Avenue, Bronx, Hew York. Whether she desired the second floor of this property for occupancy by her sister is an irrelevant issue. Under the contract of purchase and sale, defendants agreed in writing to surrender possession of said floor which defendant Isak Leifer still occupies not later than one year from the closing of title, which time has expired. It is not controlling that the terminology of the relationship of landlord and tenant is used in the contract. The contract concerned primarily the purchase and sale of the building, and the reserved right of defendant Isak Leifer as vendor to occupy the second floor for a limited period of time at a specified sum per month was incidental to the main object of the transaction which was to sell the property. This agreement to vacate was an important part of the consideration which brought about the sale. Defendant Isak Leifer is not entitled to rely on Bent Regulation for Housing in the Hew York City Defense-Rental Area (8 Federal Register 13914, adopted under U. S. Code, tit. 50, Appendix, § 901 et seq.). The following statement from *790 Montano v. Kimmel (185 Misc. 165, 166) is approved: "By invoking the rent regulations, it seems to me that the defendant overlooks the fact that such regulations refer to situations where the owner of property desires to evict a tenant as such * * *. It is my view that the rent regulations, however, do not refer to a situation of a purchaser and seller such as in the case at bar, where the seller agrees to vacate his own apartment at a specified time and deliver same to the purchaser as part of the bargain.”
The undisputed facts demonstrate that the corporate defendant was the alter ego of defendant Isak Leifer insofar as this transaction is concerned.
The order should be affirmed, with $20 costs and disbursements.
Martin, P. J., Glennon, Dore, Callahan and Van Voorhis, JJ., concur. Order unanimously affirmed, with $20 costs and disbursements. Settle order on notice. [See post, p. 815.]