ANDREW GRAF v. C. E. ROOT AND ANOTHER.[1]

November 17, 1950.

No. 35,226.

*Simon Meshbesher* and *Phillip J. Stern,* for appellants.
*Arthur G. Hallgrain,* for respondent.

MAGNEY, JUSTICE.

Appeal from judgment for restitution in an unlawful detainer action.

[1]Reported in 44 N. W. (2d) 732.

An earnest money contract for the sale and purchase of an apartment building in Minneapolis contains the following provision:

"* * * It is further agreed that Vendors be allowed to remain in building for a period of one year from December 31, 1948, at an increase of 15 per cent over the present figure set by O.P.A. Should Vendee desire apartment now occupied by Vendors the said Vendors, agree to accept another apartment in above said building on the same terms of a 15 per cent increase. * * *

* * * * *

"It is understood that legal possession of the within described property is to be given Vendee not later than December 31st, 1948 * * *."

Rental for the apartment occupied by vendors was paid on the first day of each month. The year expired. Vendee gave vendors notice to vacate. They refused. An unlawful detainer action was brought, and vendee prevailed.

Whether the relationship between vendors and vendee became that of tenants and landlord, so as to make applicable the so-called Housing and Rent Act of 1949 (Chapter 42, Public Law 31, Laws of United States, 1949), 50 USCA Appendix, § 1884, et seq., together with Rules and Regulations promulgated by the Housing Expediter, is the legal problem presented in this appeal.

The trial court determined that the above-quoted portion of the earnest money contract did not create a landlord-and-tenant relationship and that therefore the Housing and Rent Act has no application. It is conceded that no attempt was made by vendee to comply with the provisions of the Housing and Rent Act in his effort to secure possession of the apartment which vendors continued to occupy. If the provisions of this act apply, it is clear that the trial court erred in its determination.

The trial court was of the opinion that the agreement to permit vendors to remain in possession for one year was an important part of the consideration which brought about the sale, and that

the Housing and Rent Act, together with the Rules and Regulations of the Housing Expediter, does not refer to a situation where the purchaser as a part of the bargain agrees to permit the seller to remain in possession of part of the premises for a limited period of time at a specified sum per month. The court cites as authority Scheir v. Leifer, 272 App. Div. 789, 69 N. Y. S. (2d) 701, and Montano v. Kimmel, 185 Misc. 165, 57 N. Y. S. (2d) 281. Both of those cases involved a situation in which the vendor, who claimed to be a tenant, attempted to retain possession of the premises he had sold beyond the date on which he had promised to surrender legal possession to the purchaser. The courts held that the vendor's promise to surrender legal possession on a certain date was part of the consideration for the purchase price. In the instant case, the contract provided that possession of the whole apartment building be given to vendee not later than December 31, 1948, the date from which vendors' one-year occupancy of an apartment in the building was to commence. Legal possession of the apartment was given vendee on that date. Vendee reserved the right to shift vendors into any other apartment in the building. On December 31, 1948, when vendors surrendered legal possession of the whole apartment building to vendee, they requested a written lease for a year. Vendee assured them that the wording of the earnest money contract was a lease to vendors as tenants. On January 12, 1950, shortly before the unlawful detainer action was commenced, vendee, as landlord, petitioned the area rent director for an adjustment upward of the rent of the apartment occupied by vendors from $65 per month to $72, and in the petition for adjustment stated:

"4. The maximum rent for the housing accommodations is: $65.00 per month *by 1 yr lease in sales contract.*" (Italics supplied.)

It is therefore apparent that both vendors and vendee considered their arrangement a lease of the apartment for a year, and that the relationship which existed between the parties was that of landlord and tenant. In our opinion, the conclusion is unescapable that

vendors became the tenants of vendee, and that, since vendee did not comply with the provisions of the Housing and Rent Act (which provisions it seems unnecessary to set out) in his attempt to evict vendors, the judgment of the trial court must be reversed. See, Fleming v. Simms (5 Cir.) 164 F. (2d) 153; Fleming v. Chapman (2 Cir.) 161 F. (2d) 345.

We are further confined in our opinion by a decision rendered on May 26, 1950, in the district court, fourth division, district of Minnesota, civil case No. 3299, in the case of United States v. Graf (respondent here). In that action, the court found that—

"C. E. Root and Viola B. Root [appellants here] acquired the status of 'tenants' by their occupancy of said housing accommodations and by the payment of 'rent' to the defendant [Graf] herein."

The same premises and the same parties were involved in that case as here. The court there found that Graf had violated the provisions of the Housing and Rent Act and the eviction regulations. In addition to other restraints placed upon him, the court there enjoined and restrained Graf from "In any manner seeking the eviction of the tenants, C. E. Root and Viola B. Root from [the premises here involved], under the judgment of the Municipal Court, city of Minneapolis, * * * by a writ of restitution, or otherwise; * * *."

Judgment reversed.