Gray, J.
 

 It is insisted on the part of Smith, the appellant, that this bill is filed to enforce the payment of a sum of money merely, that the remedy of the respondent is at law and not in equity, that the court of chancery has no jurisdiction over the subject matter, and that the bill should therefore have been dismissed with costs.
 

 From a perusal of the bill, it is manifest however, that the object and nature of the bill is not for the recovery of money
 
 eo nomine,
 
 but for a discovery and specific performance of a contract in writing, under seal, entered into between the parties for the sale and' purchase of land, and we deem it a proper subject
 
 *62
 
 of equity cognizance. That the respondent might have obtained satisfaction lin a court of law, is no objection to a resort to chancery, provided it is a case of concurrent jurisdiction. Such, I apprehend, is this case; and what makes a court of chancery the more peculiarly appropriate forum in this instance, is the fact that the contract for the enforcement of which this suit was instituted, is lost. The loss of the contract is clearly established; but I allude to this fact not as essential to confer jurisdiction upon the court of chancery, but more particularly as the reason for asking for a discovery as well as a performance of the contract, and as a reason furthermore, for holding the appellant to greater strictness in his answer, than would perhaps, be required, if the contract was still in existence and capable of being produced. I do not place the jurisdiction of the court in this case upon the loss of the instrument, although that fact may be regarded as auxiliary. The remedy of a specific performance of a contract under seal relating to land, has become a subject of undisputed chancery jurisdiction; nor is the fact that a court of law is competent to administer redress in damages, an obstacle at all in the way of the exercise of equity power. Nor is it an objection to a suit for specific performance, that the party prosecuting it stands in the relation, of vendor; although I admit that usually the same necessity for the specific execution of a contract does not exist in the case of a vendor, that there is in the case of a vendee. Ordinarily, a vendor, in the recovery of pecuniary damages, has an adequate remedy at law, but he has a choice of remedies. He may resort either to a court of law or a court of equity.
 
 (Brown
 
 v.
 
 Haff,
 
 5
 
 Paige,
 
 240,
 
 and cases there cited; Pincke
 
 v.
 
 Curtis,
 
 4
 
 Brown’s Ch. Rep.
 
 329.)
 

 Is the contract and performance on the part of the plaintiff so charged and proved or admitted by the pleadings, as to entitle her to a decree for its specific execution ? The bill in this respect charges that in June, 1836, the parties entered into a written contract under seal, and signed by both the parties, whereby the respondent agreed' to convey to the appellant a parcel of land in the town of Westmoreland, in the county of Oneida, being about twenty-two acres of land more or less, and to give
 
 *63
 
 possession thereof to the appellant in the spring of 1837, and a deed therefor whenever the same should be procured by the respondent from the persons in whom the legal title was then vested, and that the said appellant agi’eed to purchase the said land, and to pay to the respondent therefor simultaneously with the delivery of the deed to him, the sum of $1200, and interest thereon from the delivery of the possession of the land. The bill further alleges that on or about the first day of April, 1837, the respondent surrendered, and the appellant took possession of the said land as owner, and from thence until a short time previous to the filing of the bill, continued in the possession and made changes thereon in the removal of fences and buildings, and treated the same as his own. The bill, furthermore, charges that the respondent procured a proper deed for the premises to be duly executed and acknowledged ready for delivery, and advised the appellant thereof, and requested him to pay the purchase money and take the "deed; that the appellant refused to do so, and through his agent served a written notice of his refusal on the respondent, and that he afterwards actually abandoned the possession of the premises. These are the material allegations in- the bill, and all which I deem it important to consider.
 

 These allegations, the appellant in the first place denies, in general terms, by saying that no
 
 such
 
 contract or agreement, as is set up in the bill, was at any time entered into between the respondent and himself; and then secondly, he repeats and denies that any contract, obligatory upon himself, was ever signed and sealed by him, or that he ever signed any instrument or agreement for the purchase of said land, except a writing which he believes,
 
 was not signed by the
 
 respondent; and that the said writing, so signed by him, was utterly void for want of consideration and mutuality, the terms of which writing he does not recollect, nor is it material for him to state its terms as he is advised by counsel. And in respect to the taking of the possession of the said land by him, on the first day of April, 1837, as the owner thereof, as is alleged in the bill, he admits the taking of the possession on that day, by the permission of the respondent, but denies that he took the same as
 
 *64
 
 owner, and insists in that respect, that as he is advised by counsel, he took- the possession under such circumstances as created the relation on his part of a tenant at will, or sufferance, and that in that relation the premises were occupied by him and his agents, and servants, for the period mentioned in the bill, when the same were abandoned by him, and have not since been resumed.
 

 Now it will be perceived, that none of the material allegations of the bill are specifically denied by the answer, and the answer is so palpably artful and evasive, as to bring it clearly within the 17th rule of the court of chancery. The -bill charges specifically the contract under seal, giving all the terms and particulars as already mentioned. The answer to this charge, in the first place, denies in general terms, the execution of
 
 such
 
 a contract as the one charged; and secondly, and as a further denial, that no contract for the sale and purchase of land which is obligatory upon him, the appellant, has been executed by him; admitting, however, at the same time, the execution of a contract by himself, which according to his belief, was not signed by the respondent, and which he alleges was therefore void, for want of consideration and mutuality. This second or further and special denial discloses fully, I think, the ground upon which the first general denial is based. The bill charges the contract to have been executed by both the parties, and from the mistaken belief that it was not signed by the respondent, the appellant felt himself authorized under oath to deny the execution of any
 
 such
 
 contract as the one charged. This is a mere evasion, and all the facts charged in the bill, and which are not denied, or which áre evasively denied, must by the application of the 17th rule, be regarded as admitted.
 

 But independent of the admission growing out of the effect of that rule, the proof subsequently taken in the case clearly establishes the due execution of the contract by both the parties, and the falsity of the answer thereby became so apparent and palpable, that the appellant’s counsel, on the argument, found himself constrained to concede that the answer in this respec* was unfounded and untrue. All the other allegations of the bill which by the operation of the 17th rule do not stand
 
 *65
 
 as admitted, were satisfactorily made out by the evidence in the cause.
 

 The objection that the contract proved varied from the contract charged in the bill is, I think, not well founded. The contract as proved, corresponds substantially with the one alleged. The allegation in the bill is that the defendant was to pay the sum of $1200 for the land, with interest from the time possession should be taken. The contract containing the terms of the sale, it will be remembered, is lost, and in the answer there is no specific denial as to the payment of interest as charged, nor any denial of that fact, except as it may be deemed to be included in the general denial of the execution of
 
 such
 
 a contract as the one charged in the bill. There is no direct proof that in the contract the payment of interest was provided for, but it is in evidence that in a conversation between the parties after the execution of the contract, it was arranged that the appellant should go into the possession of the premises on the first day of April, 1837, and pay interest from that time. This evidence, with the admission growing out of the omission of a denial in the answer, establishes that interest was to be paid substantially as charged, and fully disposes of the question of variance.
 

 Nor was a tender of a deed necessary under the circumstances of the case, to entitle the respondent to a specific performance. The necessity of a tender to the appellant was superseded by a notice from him to the respondent of the abandonment of the possession and to a refusal to take the land according to the contract. I am of opinion that all the facts necessary to entitle the respondent to the relief sought by her, bill are satisfactorily established, and that the decree of the supreme court for a specific execution must be affirmed.
 

 Decree affirmed.1