Thomas McIntyre, Appellant, *against* Philip Sanford *et al.,* Respondents.

(Decided February 2d, 1880.)

In an execution against the property of the plaintiff, issued upon a judgment in favor of the defendant in the action, a transposition of the words plaintiff and defendant in such manner that the defendant is described as plaintiff and the plaintiff as defendant, is not, alone, a ground for setting aside a sale under the execution, where no one has been misled by the error.

A sale of real estate under an execution will not be set aside merely because the levy upon such real estate was not made until one hundred and twenty days after the issuing of the execution. The rules applicable to dormant executions do not apply to a levy upon real estate, for the reason that an execution against real estate, no matter when issued, relates back to the docketing of the judgment, and is a mere power of sale in the hands of the sheriff; while, as against personal property, an execution becomes a lien only when levied, and such an execution is not allowed to lie dormant in the hands of the sheriff, to be levied only when a subsequent execution comes into his hands.

Real property sold under an execution was described as two lots of land, known and distinguished on a certain map, "as lots Nos. 9 and 10, and together bounded and described as follows;" giving the dimensions of both lots taken as one parcel; but the dimensions of the separate lots were given upon and could be ascertained from the map referred to in the description. *Held,* that it was the duty of the sheriff to sell the two lots separately, and that a sale by him of both lots in one parcel, no acquiescence or laches on the part of the judgment debtor being shown, should be set aside.

Appeal from a judgment of this court, entered upon findings on trial without a jury.

The action was brought to set aside a sale of real property under an execution, on grounds which are stated in the opinion. Upon trial without a jury, the complaint was dismissed, and on the findings dismissing the complaint judgment was entered for the defendants. From this judgment the plaintiff appealed.

*Charles H. Truax*, for appellants.

*Abbott Brothers*, for respondent.

VAN BRUNT, J.—This is an action to set aside a sale under an execution, because of misdescription of parties in the execution, delay in making the levy, and because the land sold, consisting of two parcels, was sold as one.

The first objection does not seem to be of sufficient gravity to entitle it to much weight. The error did not mislead any one, and the words plaintiff and defendant, which were transposed, were mere surplusage and could have been left out without in any way injuring the validity of the process.

The levy was not made until one hundred and twenty days after the issuing of the execution. The rules applicable to dormant executions do not apply to a levy upon real estate, and the reason is that an execution against real estate, no matter when issued, relates back to the docketing of the judgment and is a mere power of sale in the hands of the sheriff. The rule is entirely different in the case of executions against personal property. Such executions become a lien upon the property levied upon only at the time of the levy, and the law will not allow a sheriff to allow such an execution to lie dormant in his hands, to be levied only when a subsequent execution comes into his hands.

The objection that the land consisted of two parcels and was sold as one seems to be of more importance.

The statute provides that when the real estate shall consist of several known lots, tracts or parcels, such lots, tracts or parcels shall be separately exposed for sale.

In the case of *Cunningham* v. *Cassidy* (17 N. Y. 276) the land sold consisted of ten building lots which were sold as one parcel, and the court held that it was clearly the duty of the sheriff to sell the lots separately, but that the omission to follow the statute in this respect did not make the sale absolutely void, but voidable, at the instance of the party aggrieved, and that the right to avoid the sale might be lost by acquiescence or a neglect to assert the right within a reasonable time.

In the case at bar the premises are described as two parcels

known and distinguished on a certain map as lots number 9 and 10. It is true that in giving the dimensions of the lots they are taken together, but an inspection of the diagram shows that there was no difficulty in separating, as the dimensions of lots 9 and 10 are given upon the map referred to in the description; and the case in this respect seems to be entirely parallel with the case of *Cunningham* v. *Cassidy*, cited above.

Under these circumstances the sheriff was bound to sell in parcels to separate the lots, and if such had been his course it is possible that such gross inadequacy of price would not have resulted.

. There is no evidence of any acquiescence or laches upon the part of the plaintiff, this action being commenced within a reasonable time after he was apprised of this sale.

I am of the opinion, therefore, that the judgment should be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.