(91 App. Div. 352.)

HEYMAN et al. v. SWIFT et al.

(Supreme Court, Appellate Division, First Department. February 11, 1904.)

1. PARTITION—CONVEYANCE IN FRAUD OF RIGHTS—BONA FIDE PURCHASERS—BURDEN OF PROOF.

Defendant in an action for partition having shown that, as against S., who conveyed to plaintiffs a half interest in the two tracts, he was entitled to a conveyance of such interest in one of the tracts, and to a vendor's lien on such interest in the other tract, and that S. made the conveyance to plaintiffs in fraud of and to defeat defendant's rights, and that he tendered to plaintiffs the consideration he was to pay S., they have the burden of proving that they were bona fide purchasers for value.

2. SAME—RIGHT OF DEFENDANT TO CONVEYANCE FROM PLAINTIFFS—TENDER.

Defendant in a suit for partition, to be entitled to a conveyance of plaintiffs' interest, because of his previous contract therefor with S., who conveyed it to plaintiffs, having tendered to plaintiffs before the trial the agreed consideration, need not make a tender on the trial, though plaintiffs' right to the consideration will be guarded by the decree.

Appeal from Special Term, New York County.

Action by Jacob Heyman and another against John Swift and another for partition. From an interlocutory judgment entered pursuant to a

decision made on the trial of the issues at Special Term, defendant Swift appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

L. C. Ferguson, for appellant.

Maurice Marks, for respondents.

LAUGHLIN, J. The action is brought for the partition of two parcels of real estate situated in the city and county of New York. On the 9th day of September, 1901, the appellant, who then owned both parcels in fee simple absolute, conveyed an undivided half of each to one John D. Spellman, who in turn conveyed the same to the plaintiffs on the 16th day of September, 1901. The plaintiffs claim an undivided half interest in each parcel, subject to certain liens which are not in controversy, by virtue of this deed from Spellman, which is their only title. The appellant denied plaintiffs' ownership, and alleged that the conveyance from Spellman to the plaintiffs was without consideration, fraudulent, and made pursuant to a conspiracy between them to cheat and defraud the appellant; and, as a counterclaim, he alleges a cause of action for a reconveyance by Spellman of one of the parcels, by virtue of an agreement made prior to the conveyance by Spellman to the plaintiffs, and facts showing that he is either entitled to a reconveyance of the other parcel upon the ground that his conveyance thereof to Spellman was without consideration, and procured by fraud, or in trust to raise money thereon by mortgage, which trust was not performed, or to an equitable lien thereon for the sum of $1,500, and demanded judgment for a reconveyance of both parcels and for $10,000 damages.

It appears that Spellman, while he had title, made and executed a sufficient agreement in writing to reconvey one of the parcels to the appellant in consideration of $100 and 50,000 shares of stock in the Colorado Gold & Silver Mining & Development Company, to be delivered upon the organization of said company. The appellant showed that he paid the cash consideration pursuant to this agreement to reconvey, and was ready and willing to perform by delivering the stock as soon as the corporation was organized; that in the meantime, and before the organization of the company, Spellman departed from the state, and remained absent, so that a tender could not be made; that by letter and through counsel he tendered the stock to Spellman and to plaintiffs as soon as he obtained it. He also showed that Spellman induced the conveyance of the other parcel upon the representation and agreement that he could and would obtain a loan of $3,000 by giving a mortgage thereon before putting the deed on record, and would turn the proceeds thereof over to appellant; that in violation of this agreement he recorded the deed, and conveyed to plaintiffs, without securing the loan. This and other evidence introduced in behalf of appellant was sufficient to show that Spellman executed the conveyance to the plaintiffs in fraud of the rights of the appellant, and with the intention of defeating appellant's right to a reconveyance of one of the parcels, and to an in-

terest in Spellman's share of the other, to the extent of one-half of the proposed loan. Upon proof of these facts, it was incumbent upon the plaintiffs to show that they were bona fide purchasers for value. They did not testify, nor was Spellman examined as a witness. The only consideration recited in the deeds from Spellman to the plaintiffs is $1, and there is no evidence of any other consideration passing between him and the plaintiffs. The plaintiffs claimed to be tenants in common of both parcels with appellant. The appellant shows that he is, in equity, entitled to a conveyance of one of the parcels, and either to a conveyance or to a vendor's lien upon the other for $1,-500, and interest thereon from the time the loan should have been procured.

Of course, the appellant will not be entitled to a reconveyance unless he is prepared to perform the contract on his part by delivering the stock. The appellant does not allege a tender of the stock to the respondents, but he does allege readiness and ability to perform, and that a tender was prevented by the continued absence of Spellman from the state. He, however, proved upon the trial, without objection, an actual tender to the plaintiffs, and no question as to the sufficiency of the tender or pleading was raised upon the trial. This being a suit in equity, the appellant was not obliged to bring the stock into court and make a tender upon the trial, but the right of the plaintiffs to the stock will be secured by a provision in the decree for delivery thereof to them upon their conveying to appellant. Pomeroy's Eq. Juris., vol. 3, § 1407, and note; Crary v. Smith, 2 N. Y. 60–65; Stevenson v. Maxwell, 2 N. Y. 408–415; Freeson v. Bissell, 63 N. Y. 168; Thompson v. Smith, Id. 301; Powell v. Linde Co., 49 App. Div. 286, 64 N. Y. Supp. 153, and cases cited.

It follows, therefore, that the interlocutory judgment, which adjudges that the parties are tenants in common of both parcels, as alleged in the complaint, is erroneous, and must be reversed, and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN and HATCH, JJ., concur. INGRAHAM, J., concurs in result.