KATHERINE C. DEALY, Respondent, *v.* EDWARD C. KLAPP, Appellant.

Third Department, December 28, 1921.

**Vendor and purchaser — action for specific performance of contract to sell real estate containing clause fixing liquidated damages for breach — party may elect remedies, but equity may not be invoked under all circumstances — defendant entitled to show intent of parties by extraneous evidence wnere answer raised question as to whether parties had intended to create exclusive remedy by provision for liquidated damages — plaintiff not entitled to full performance when right of action had not accrued.**

While a party at his election may maintain an action in equity to compel the specific performance of a contract to convey real estate or an action at law to recover his damages against the party failing to perform, and though the rule is unchanged notwithstanding that the parties have provided in the contract for the payment of liquidated damages in case of a breach, it does not follow, however, that the jurisdiction of a court of equity under all circumstances may be invoked in such a case.

Accordingly, where in an action for the specific performance of a contract for the sale of real property which contained a provision for liquidated damages, it appears that at the execution of the contract the defendant made an initial payment equal to the sum fixed as liquidated damages but defaulted in a subsequent payment, and that the defendant by affirmative defense raised the question as to whether the parties had intended to create an exclusive remedy by the provision for liquidated damages, it was permissible for the defendant to introduce extraneous evidence to show the intent of the parties, since he was not confined to the contract.

The plaintiff was not entitled to full performance of the contract, since the defendant had until July 1, 1921, to take title and make full performance, and his only default at the commencement of the action was in respect to the said subsequent payment on April 1, 1921.

JOHN M. KELLOGG, P. J., dissents, with memorandum.

APPEAL by the defendant, Edward C. Klapp, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 12th day of September, 1921, upon the report of a referee appointed to take and state an account pursuant to an interlocutory judgment, also from said interlocutory judgment entered in said clerk's office on the 31st day of August, 1921, on default, and also from an order entered in said clerk's

office on the 9th day of August, 1921, granting plaintiff's motion for judgment on the pleadings.

On October 28, 1920, the parties entered into a contract for the sale by the plaintiff to the defendant of certain real estate. The defendant agreed to pay $5,000 at the time of the execution of said agreement and $35,500 on or before March 1, 1921. On the latter date the deed was to be delivered and the defendant was to secure the balance of the purchase price, which was $100,000, by executing a purchase-money mortgage for that amount on the said premises with an accompanying bond on terms specified in said agreement. Possession of the premises was to be given on said March 1, 1921, but the defendant was to be at liberty to enter the premises at any time for the purpose of making reasonable repairs. After other provisions not here material the contract concludes as follows: " In case either party fail to perform this agreement the party so failing shall and will pay to the other party the sum of Five thousand ($5,000.00) Dollars which said sum is hereby fixed as liquidated damages for such failure and said sum shall in no event be considered a penalty."

On March 3, 1921, the parties made a supplemental contract as follows: " The above contract is extended on the following terms,— Payment of $15000.00 on or before April 1st, 1921. Second party collects rents, pays water taxes and premiums on expiring insurance, and interest at six per cent on unpaid balance of purchase price. Will make final payment and take title on or before July 1st, 1921."

The defendant paid to the plaintiff the initial payment of $5,000 at the time of the execution of the original contract. He defaulted in the payment of $15,000 which by the terms of the supplemental contract was to be made April 1, 1921. In May, 1921, this action was commenced. The complaint, after alleging said two contracts, further alleges that the defendant entered into possession of the property March 1, 1921, and since that time has continued in its possession, collecting rents and income therefrom; that he has failed to pay water rents and the said sum of $15,000 on account of the purchase price and has otherwise failed in the performance of the conditions of his said agreements. The answer denies that the defendant entered into possession. It also puts in

issue the failure of the defendant to perform the conditions of his contracts in all respects except as to the payment of the $15,000.

The answer also contains an affirmative defense in which it is alleged that the plaintiff has an adequate remedy at law, and after setting forth the provision in the contract in respect to liquidated damages above quoted, it is further alleged that the said clause was inserted in the agreement " for the sole purpose of providing relief for the parties to such agreement in the event of a breach by either of them and that an action for the liquidated damages stipulated in said agreement is the sole and exclusive remedy of either party thereto; that at the time of the execution of such agreement this defendant paid to the plaintiff the sum of five thousand ($5,000) Dollars;" that under and pursuant to the terms of the agreement the defendant paid the said sum of $5,000 in full satisfaction of any damages sustained by her and that she " accepted said amount in full settlement;" that such provision in the contract was inserted " for the sole purpose of giving to either party an option to perform such contract or pay the damages agreed upon and that in such respect said contract was an optional contract, and that by reason of such provision and because of the payment of said sum of five thousand ($5,000) Dollars by the defendant to the plaintiff and because of the receipt and retention of said sum by plaintiff in full of her alleged damages this plaintiff is prohibited from instituting, prosecuting or maintaining this action."

The plaintiff moved for judgment on the pleadings, which motion was granted, and the said judgment requires the defendant to execute his contracts in all respects as therein specified.

*Christopher J. Heffernan* [*Charles S. Nisbet* of counsel], for the appellant.

*J. H. Dealy,* for the respondent.

COCHRANE, J.:

Judgment having been granted on the pleadings, the affirmative defense contained in the answer has been overruled as matter of law. In my opinion such defense presents a question of fact in support of which the defendant was at liberty to

present evidence. It is well-established law that ordinarily a party at his election may maintain an action in equity to compel the specific performance of a contract to convey real estate or an action at law to recover his damages against the party failing to perform and the rule is unchanged notwithstanding that the parties have provided in the contract for the payment of liquidated damages in case of a breach thereof. In *Baumann* v. *Pinckney* (118 N. Y. 604, 612) it was said: " As early as 1835, it was said by Chancellor WALWORTH that a suit in equity against the vendee to compel a specific performance of a contract to purchase land had always been sustained as a part of the appropriate and acknowledged jurisdiction of a court of equity, although the vendor has, in most cases, another remedy by an action at law upon the agreement to purchase. (*Brown* v. *Haff*, 5 Paige, 235.) One of the earliest decisions of this court was to the same effect. (*Crary* v. *Smith*, 2 N. Y. 60.)" It does not follow, however, that the jurisdiction of a court of equity under all circumstances may be invoked in such a case. In the present case the parties inserted in their contract a provision fixing the amount of damages which either party failing to perform the agreement was to pay to the other. It may be a question of intent as to whether by such provision the parties did not create for themselves an exclusive remedy in case of a breach of the agreement. In *Phœnix Ins. Co.* v. *Continental Ins. Co.* (87 N. Y. 400) there was a covenant in a deed that the grantee would not erect any building on a portion of the premises conveyed adjoining the remaining lands of the grantor and a provision that in case of a violation of said covenant the grantee would pay to the grantor " the sum of $1,500 liquidated damages." The court in discussing this question said: " The rule, deduced from the authorities, is, that when there is a covenant to do, or not to do a particular act, under a penalty, the covenantor is bound to do, or refrain from doing, the very thing, unless it appears from the particular language, *construed in the light of the surrounding circumstances*, that it was the intention of the parties, that the payment of the penalty should be the price of non-performance, and to be accepted by the covenantee, in lieu of performance. (*Chilliner* v. *Chilliner*, 2 Ves. Sr. 528;

*French* v. *Macale,* 2 D. & W. 269, and cases cited; *Gray* v. *Crosby,* 18 Johns. 219.) The question to be considered is, what was the primary intent of the agreement? If the primary intent was, that the covenant should be performed, the annexing of a penalty, is regarded merely as security for the performance of the covenant, and not as a substitute for it."

In *Diamond Match Co.* v. *Roeber* (106 N. Y. 473, 486) it is stated: " It is, of course, competent for parties to a covenant to agree that a fixed sum shall be paid in case of a breach by the party in default, and that this should be the exclusive remedy. The intention in that case would be manifest that the payment of the penalty should be the price of non-performance, and to be accepted by the covenantee in lieu of performance. (*Phœnix Ins. Co.* v. *Continental Ins. Co.,* 87 N. Y. 400, 405.) But the taking of a bond in connection with a covenant does not exclude the jurisdiction of equity in a case otherwise cognizable therein, and the fact that the damages in the bond are liquidated, does not change the rule. It is a question of intention, *to be deduced from the whole instrument and the circumstances;* and if it appear that the performance of the covenant was intended, and not merely the payment of damages in case of a breach, the covenant will be enforced." (The italics in the above quotations are mine.)

It follows from the foregoing authorities that it is a question of intent whether the action for damages shall constitute the exclusive remedy and such intent is ascertainable not alone from the contract but from the contract construed in the light of surrounding circumstances. It is this question which is raised by the answer. It was, therefore, permissible for the defendant under his answer to introduce evidence bearing on the question as to whether or not the parties intended that in case of a breach of contract the payment of $5,000 should constitute the exclusive remedy for such breach. He was not confined to the contract but was at liberty to introduce extraneous evidence to show the intent of the parties. I apprehend also that if after the breach the parties had agreed that the initial payment of $5,000 which the plaintiff had received should be retained by her in settlement of the satisfaction of the broken contract such agreement would be as binding as if the plaintiff had received any other

sum of money in satisfaction thereof and such a defense seems to have been alleged in the answer which has been overruled. While in this respect the answer is vague no motion was made to have it made more definite and certain. The answer was improperly held as matter of law to be insufficient.

It should further be observed that when this action was commenced the plaintiff was not entitled to full performance of the contract. The defendant had until July 1, 1921, to take title and make full performance of his contract. According to the uncontroverted allegations of the complaint, which are the only ones which can be considered in support of this judgment granted on the pleadings, the only default of the defendant at the time of the commencement of the action was in respect to the payment of $15,000 on April 1, 1921. For the recovery of that amount the plaintiff did not need an action in equity. The answer alleges among other things that the plaintiff had an adequate remedy at law. Whether a court of equity under such circumstances could or should exercise its jurisdiction is a question which need not now be determined in view of the conclusion already reached.

The judgment should be reversed and motion for judgment on the pleadings denied, with costs to the appellant to abide the event.

WOODWARD, H. T. KELLOGG and VAN KIRK, JJ., concur; JOHN M. KELLOGG, P. J., dissents, with a memorandum.

JOHN M. KELLOGG, P. J. (dissenting):

The terms or effect of the written agreement cannot be changed by parol evidence. The intent of the parties is to be gathered from the agreement "from the particular language, construed in the light of the surrounding circumstances." An allegation that the parties intended that the agreement should have a meaning different from the one it has is ineffectual unless a definite statement of facts is made showing that the agreement is not properly written, in which case a reformation may be asked. The complaint may be searched in vain for any allegation of facts tending to show any agreement between the parties other than the written agreement produced, and no facts are alleged which would tend to change the ordinary construction of it as written. A motion for judgment admits

all the issuable facts alleged, but not conclusions. The trial took place July 2, 1921, and concededly at that time the defendant had made complete default so that the plaintiff was entitled to the relief granted. In an equitable action the relief is fitted to the facts as they exist at the time of judgment. (*Russell H. & I. M. Co.* v. *Utica D. F. & T. Co.*, 195 N. Y. 54; 21 C. J. 137, and cases cited.) I favor an affirmance.

Judgment and order reversed and motion for judgment on the pleadings denied, with costs to the appellant to abide the event.