KATHERINE C. DEALY, Appellant, *v.* EDWARD C. KLAPP, Respondent.

Third Department, November 15, 1922.

Vendor and purchaser — action by vendor for specific performance of contract for sale of land — contract provided for liquidated damages in case of default — evidence of statements made by agent of plaintiff that forfeiture clause afforded exclusive remedy not admissible — evidence did not relate to circumstances surrounding making of contract — intention must be gathered from contract — contract does not exclude remedy of specific performance.

In an action by a vendor for the specific performance of a contract for the sale of land in which the defendant contended that it was the intention of the parties that the forfeiture clause providing for liquidated damages afforded an exclusive remedy in case of default, a statement made by the agent of the vendor prior to the execution of the contract to the effect that the forfeiture clause afforded the sole remedy of the parties in case of default was not admissible.

That evidence did not relate to the circumstances and conditions attending the execution of the contract but merely had the effect of supplying an intention not expressed in the contract itself.

No evidence having been given of circumstances attending the execution of the contract which would tend to show that it was the intention of the parties that the forfeiture clause should afford an exclusive remedy, the contract must be judged entirely by its written terms, and those terms do not preclude the plaintiff from resorting to the remedy of specific performance.

APPEAL by the plaintiff, Katherine C. Dealy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Montgomery on the 5th day of May, 1922, upon the decision of the court rendered after a trial at the Montgomery Trial Term dismissing the complaint, a jury having been impanelled only to pass upon specific issues submitted to it.

*J. H. Dealy,* for the appellant.

*Christopher J. Heffernan* [*Charles S. Nisbet* of counsel], for the respondent.

H. T. KELLOGG, Acting P. J.:

The plaintiff entered into a contract to sell certain real estate to the defendant. The defendant refused to pay the price and receive a conveyance. In the contract there was a provision for liquidated damages in case default was made by either party. The plaintiff brought this action for specific performance, setting forth in her complaint the terms of the contract and alleging performance thereof upon her part and non-performance on the part of the defendant. The defendant in his answer alleged that the remedy of an action at law for the recovery of liquidated damages

was exclusive. Judgment for the specific performance of the contract was granted upon the pleadings in favor of the plaintiff against the defendant. We heard an appeal from that judgment, and made decision reversing it. (199 App. Div. 150.) We then held that a remedy in equity for specific performance might coexist with a remedy at law for the recovery of liquidated damages; that the exclusiveness of the latter remedy was a matter resting in the intention of the parties; that such intention was to be gathered from the terms of the contract as construed in the light of circumstances attending its making; that the defendant was entitled to a day in court to offer proof of circumstances, if any there were, by which the meaning of the contract terms, in relation to the payment of liquidated damages, might, if possible, be made more definite and clear. Our decision in this respect was in accord with *Phœnix Insurance Company* v. *Continental Insurance Company* (87 N. Y. 400) and *Diamond Match Company* v. *Roeber* (106 id. 473), which were cited by us. It was in accord with principles of law now generally established. "Accordingly it had become possible for Wigram to lay it solidly down, over seventy years ago, that, with the exception of direct statements of intention, no extrinsic fact relevant to any legitimate question arising in the interpretation of writings and admissible under the general rules of evidence, could be shut out." (Thayer's Preliminary Treatise on Evidence [1898 ed.], 445.) "Once freed from the primitive formalism which views the document as a self-contained and self-operative formula, we can fully appreciate the modern principle that the words of a document are never anything but indices to extrinsic things, and that therefore all the circumstances must be considered which go to make clear the sense of the words." (Wigm. Ev. § 2470.) On the trial following our decision, the defendant was permitted to give a conversation with the agent of the plaintiff engaged in contemporaneously with the making of the contract, which was stated by him to be as follows: " It was brought up there should be a forfeiture, and I asked him what the forfeiture was for, and he said that the forfeiture, in case of either one of us backing down, this $5,000, I should have to pay the five thousand, or they would pay the five thousand, and I asked him *if that was all there was to it, and he said yes.*" This conversation did not constitute or relate to facts and circumstances attending the making of the contract. It consisted of utterances of the parties, not to explain the words of the contract, but to supply an intention not expressed therein. " When a transaction has been even voluntarily embodied in a single document, no other utterance of intent or will on the same subject can be given legal effect. Hence,

218   St. Paul Fire & Marine Ins. Co. *v.* Trice Motor Co., Inc.

Third Department, November, 1922.   [Vol. 203]

such a declaration is excluded from consideration even in the process of interpretation, not because it would not for that purpose be useful, but because it would be improper for the other purpose." (Wigm. Ev. § 2471.) The case does not fall within that single exception to the rule which permits the admission of utterances of intention to explain an equivocation in relation solely to the subject or object of a gift or grant. (Thayer's Preliminary Treatise on Evidence [1898 ed.], 483.) The evidence was not admissible and cannot be considered. (*Thomas* v. *Scutt*, 127 N. Y. 133; *Lossing* v. *Cushman*, 195 id. 386.) No circumstances attending the execution of the contract which explain its making having been given the contract must be judged entirely by its written terms. Such terms do not preclude the plaintiff from having specific performance.

The judgment should be reversed, with costs, and judgment for the plaintiff for the specific performance of the contract should be granted, with costs.

Kiley, Van Kirk, Hinman and Hasbrouck, JJ., concur.

Judgment reversed on the law and facts, and judgment for the plaintiff directed as demanded in the complaint, with costs. The court disapproves of findings of fact numbered eleven and twelve; and finds plaintiff's requests to find which were not found. Further requests to find may be submitted as parties may be advised.