EDWARD C. KLAPP, Respondent, *v.* KATHERINE C. DEALY and Others, Appellants.

Third Department, July 1, 1925.

Vendor and purchaser — action by purchaser to have five-year lease made by vendor declared void, lessees restrained from asserting any claim and vendor compelled to convey property free and clear except as agreed — lease in question was made after vendor had procured judgment of specific performance against purchaser and before service of copy of judgment and order on decision of Appellate Division — Appellate Division judgment was resettled to require vendor to perform — lease was filed after Court of Appeals affirmed Appellate Division judgment as resettled — lessees, who at time of execution of lease held valid lease for two years, knew of circumstances — lease was made with intention of depriving purchaser of rights — relief demanded by purchaser is granted — purchaser not required to take possession and proceed against tenants — purchaser had no adequate remedy at law.

The plaintiff, who contracted to purchase real property from the defendant, is entitled to have a five-year lease, executed by the defendant after the contract of sale was made, declared null and void, the lessees restrained from asserting any rights thereunder, and the defendant compelled to convey the property free and clear of all incumbrances except those specified in the contract, which does not include the lease in question, since it appears that the defendant herein in an action against the plaintiff for specific performance procured a favorable judgment on an appeal to the Appellate Division; that the judgment prepared by the defendant's attorney did not provide that the defendant should perform her contract by conveying the property; that after the decision by the Appellate Division and before a copy of the order and judgment were served upon the plaintiff herein, and before it was resettled to provide that the defendant herein should carry out the contract of sale, the defendant herein leased the property for a term of five years to persons who then held a valid lease for an unexpired term of two years; that that lease was not filed until after the Court of Appeals had affirmed the judgment in the specific performance action instituted by the defendant herein; that at the time the said lease was made the lessees had full knowledge of the decision and judgment of the Appellate Division; and that the lease was made with the intention on the part of the lessees and the defendant herein of rendering the judgment and decision of the Appellate Division ineffectual.

Under the circumstances outlined the court has equitable power to grant the relief necessary to make its decision and judgment effective.

Plaintiff will not be required to accept a deed of the property subject to the lease in question and then to proceed against the tenants, and, therefore, he had no adequate remedy at law.

APPEAL by the defendants, Katherine C. Dealy and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 30th day of March, 1925, upon the decision of the court rendered after a trial at the Montgomery Trial Term before the court without a jury.

*J. H. Dealy*, for the appellant Dealy.

*Harry G. Coplon*, for the appellants Morris Lurie and another.

*Christopher J. Heffernan*, for the respondent.

VAN KIRK, J.:

The action is brought to have declared fraudulent and void a lease of real property, dated December 20, 1922, made by Katherine C. Dealy to the defendants Lurie; and to have the defendants Lurie restrained from asserting or claiming under any right or title to said lease; and that the defendant Katherine C. Dealy be required to convey the premises involved in the action to the plaintiff free and clear of all liens and incumbrances, except such as existed and were specified in a contract of purchase made between the defendant Katherine C. Dealy and the plaintiff.

The complaint alleges, the evidence established and the court has found the following material facts: On the 28th day of October, 1920, the defendant Katherine C. Dealy (whom we shall hereafter call the owner), being then the owner of the premises in question, entered into a written agreement to sell to the plaintiff (whom we shall hereafter call the purchaser) the said premises. Upon compliance by the purchaser with the terms of the contract on his part the owner was to convey to him the premises free and clear of incumbrances, except certain named in the contract, one of which was a lease of the premises to the defendants Lurie for the absolute term of three years from November 1, 1919, with the privilege of two further years, unless the owner should give six months' notice in writing of her intention to remodel and repair the buildings. The purchaser not having complied with the terms on his part to be performed, the owner brought an action in May, 1921, in the Supreme Court for specific performance of the contract of purchase. The complaint was in the usual form for such actions, among other things alleging that the owner was ready, able and willing to furnish proper search and abstract of title and convey the premises and perform fully on her part. Upon the second appeal in that action to this court the judgment of the Trial Term was reversed and judgment for specific performance in favor of the owner and against the purchaser was directed. (*Dealy* v. *Klapp*, 203 App. Div. 216.) The judgment was prepared by the owner's attorney, requiring the purchaser to perform, but not requiring the owner to perform. Ever since the rendition of this judgment the purchaser has been ready and willing to perform the contract on his part, but the owner refused to perform. The judgment as entered did not comply with the decision of this court and, upon application for a resettlement of the order and judgment, and in January, 1923,

this court resettled the order and judgment requiring the owner to perform according to the terms of her contract, *nunc pro tunc*, as of the date of December 13, 1922. After the decision of this court, December 13, 1922, and before service on the purchaser of a copy of the judgment and order, the owner, on the 20th day of December, 1922, entered into a lease of the said premises with the defendants Lurie (whom we shall hereafter call the tenants) for a term beginning March 1, 1923, and ending May 1, 1926. At the time this lease was made the tenants were lawfully in possession of the premises under a proper lease which did not expire until October 31, 1924. At the time this second lease was made the tenants had full knowledge of the decision and judgment of this court and of all its provisions and that the purchaser was required to take possession of the premises according to the terms of the contract, and the lease was made in order to prevent the purchaser from obtaining possession of the premises and to render the judgment and decision of this court wholly ineffectual; and the tenants have declared that they intend to hold the possession and occupation of the premises covered by this lease and have refused to surrender and vacate the premises. This lease was not filed or recorded until July 28, 1923, after the decision of the Court of Appeals was handed down affirming the judgment of this court as resettled. (236 N. Y. 631.) The owner and tenants knew that they had no right or authority whatever to incumber the premises with this lease and said lease was fraudulently made and is void. The purchaser was not required to take a conveyance of the premises from the owner, subject to the latter lease, but is entitled to have the conveyance from the owner of said premises free and clear of the lien of such lease. The plaintiff has no adequate remedy at law for the relief sought in this action.

Under the contract of purchase and sale the purchaser, vendee, became the equitable owner of the property; the owner, vendor, held the legal title as security only for the payment of the purchase price. If, before the contract was performed, the purchaser should die, the property would descend to his heirs at law as real property. If the owner should die, the contract would pass as personal property to his next of kin. (*Matter of City of New York [Edgewater Road]*, 138 App. Div. 203; affd., 199 N. Y. 560.) In addition to this equitable title a judgment of the Supreme Court had determined that the purchaser is entitled to specific performance of the contract. With the purpose and intent of defeating this judgment the owner and tenants put an incumbrance on the property. This incumbrance is a lease of the premises for five years, made while a valid lease between the same parties of the same premises had still nearly

two years to run; also this second lease was made after a decision of this court directing specific performance, though it was not filed until after that decision had been affirmed in the Court of Appeals. This second lease did not exist when the contract of purchase and sale was made. The court had decided that the owner must convey the premises free and clear of all incumbrances save those mentioned in the contract. Of course this second lease was not so mentioned. To make the decision and judgment effective this incumbrance must be removed. The owner could not be permitted to defy the court as the facts here disclosed the intent to defy it. The court certainly has, among its equity powers, the power to make its own judgments effective by compelling defiant parties to respect them.

This is not an ejectment action; it is an action in equity. To maintain it legal title to the property or possession thereof is not essential. The circumstances may give equity jurisdiction. The owner and the tenants who now have possession under the lease obtained the lease fraudulently and by connivance. The circumstances here give equitable jurisdiction. (*Lattin* v. *McCarty*, 41 N. Y. 107.) The owner contends that the purchaser has an adequate remedy at law; that he should perform, take the deed from the owner and then oust the tenants. We do not think he is required to assume this risk, to take a deed of the premises subject to the incumbrance placed on the property after the contract of purchase was made, that is, subject to a law suit, the cause of which he claimed was the fraudulent act upon the part of the owner and tenants, but which claim he was still bound to justify. He has a right to performance by the owner in accord with the terms of the contract, and this relief can only be had in equity.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.