LEONARD P. MARKERT, Respondent, *v.* BORRIS FEINBLATT, Appellant.

Third Department, November 15, 1928.

*J. Henry Esser* [*Thurlow W. Southwick* of counsel], for the appellant.

*Tooke, Lynch & Dolan* [*T. Frank Dolan, Jr.,* of counsel], for the respondent.

HILL, J. Plaintiff owns real property in Florida, and defendant a farm in Otsego county. An agreement has been made to exchange these properties, defendant to pay plaintiff $3,000 agreed difference in value. He refused to complete the transaction. A trial was had and a decision made that he convey the farm to plaintiff

and pay the agreed difference. The judgment further provides that plaintiff recover $400, the orally agreed purchase price of personal property. Plaintiff consents that the judgment be modified by striking out that item, as the oral executory contract of sale is invalid under the Statute of Frauds. The judgment and decision apparently fix the value of the farm at $2,000, and in the alternative, plaintiff is permitted to recover that sum if a conveyance thereof is not made. There is no finding of fact and no evidence to support a finding as to the value of the farm. The provision in reference thereto contained in both decision and judgment is unwarranted.

Defendant's wife did not join in the contract of sale. Plaintiff asks for specific performance by the defendant husband, but makes no request to deduct the value of the wife's inchoate right of dower from the exchange price of the farm. Thus it would appear from the record that he desires specific performance excluding the wife's dower rights, for the court cannot direct her to convey. The conveyance to the plaintiff should be directed to be made subject to such inchoate dower right. (*Feldman* v. *Lisansky*, 239 N. Y. 81.) The oral evidence as to the intention of the parties concerning a $200 forfeit was not admissible. (*Dealy* v. *Klapp*, 203 App. Div. 216.) " This rule, deduced from the authorities, is, that when there is a covenant to do, or not to do a particular act, under a penalty, the covenantor is bound to do, or refrain from doing, the very thing, unless it appears from the particular language, construed in the light of the surrounding circumstances, that it was the intention of the parties, that the payment of the penalty should be the price of non-performance, and to be accepted by the covenantee, in lieu of performance." (*Phœnix Ins. Co.* v. *Continental Ins. Co.*, 87 N. Y. 400, 405.) Neither the language of this contract nor the circumstances proven would justify a finding that the penalty of $200 was to be accepted in lieu of performance.

The judgment should be modified on the law and facts and should require defendant to convey the farm to plaintiff, subject to the inchoate dower right of defendant's wife, and plaintiff should recover from defendant $3,000, with interest from June 15, 1927, and costs as taxed in the trial court, without costs to either party in this court.

VAN KIRK, P. J., DAVIS and WHITMYER, JJ., concur; HASBROUCK, J., votes for modification of the judgment and for a recovery of $200 damages by the plaintiff.

Judgment modified as follows: The defendant is required to convey the farm to plaintiff subject to the inchoate right of dower of defendant's wife; plaintiff's recovery of $5,400, and costs, is reduced

to $3,000, with costs and interest; and as so modified judgment is affirmed, without costs.

Finding numbered 8, and such findings of fact contained in the conclusions of law, as permit judgment in favor of the plaintiff and against the defendant for $400, purchase price of personal property, and for $2,000 in the event defendant fails to convey the farm, are reversed, and finding numbered 1 is modified by adding at the end thereof: " The wife of the defendant did not join in the contract, and her dower interest is not subject thereto, and plaintiff has not asked for abatement on the purchase price of the amount of her dower interest."