LEONARD P. MARKERT, Plaintiff. *v.* BORRIS FEINBLATT, Defendant.

Supreme Court, Otsego County, December 20, 1929.

*Tooke, Lynch & Dolan,* for the plaintiff.

*J. Henry Esser* [*F. W. Southwick* of counsel], for the defendant.

SENN, J. The above action was commenced September 6, 1927. At that time plaintiff owned real property in Florida and defendant a farm in Otsego county. An agreement had been made for an exchange of these properties, the defendant to pay the plaintiff $3,000 additional. Defendant having refused to complete the transaction, plaintiff brought this action to compel specific performance of the contract. A trial of the case was had on February 21, 1928, resulting in a judgment for plaintiff. An appeal to the Appellate Division resulted in the judgment being modified in some particulars but affirmed in most of its essentials (224 App. Div. 525). An appeal to the Court of Appeals resulted in an affirmance (250 N. Y. 613), except to correct an omission in the judgment as entered in the court below.

The judgment as it now stands is to the effect that the defendant is required to convey his farm to the plaintiff subject to the inchoate right of dower of defendant's wife and that plaintiff recover of the defendant $3,000, with costs and interest. On receipt of the deed and money plaintiff is required to convey to the defendant his said real property in Florida subject to a mortgage of $8,000 and some taxes. In the event of plaintiff's failure to convey in accordance with the judgment, then the said contract of exchange is terminated.

Since the case was tried and pending the appeal, the plaintiff has lost title to his Florida property. He claims that the holder of the $8,000 mortgage in Florida was pressing him for payment, which, due to the defendant's failure to fulfill his contract he (the plaintiff) was unable to make and that to avoid a threatened foreclosure and a possible deficiency judgment, he conveyed the premises to Alfred M. Rowley, the holder of the mortgage.

Apparently the plaintiff is now in no position to tender a valid deed. He claims, however, that he is placed in this position through the connivance of the defendant, that Rowley has sold the property to one Sidney Tulin and says, on information and belief, that Tulin is a dummy for the defendant Feinblatt, who he believes is the real purchaser for the purpose of defeating the true intent of the judgment in question.

It is also claimed that the appeals were taken for the purpose of delay and to embarrass the plaintiff, the defendant knowing that plaintiff was in no position to hold the Florida property on account of payments on the mortgage and taxes being due. But I cannot say that the appeals were for delay in view of the fact that each appeal resulted in a modification of the judgment appealed from and no costs of appeal were awarded in either court.

The instant motion was argued June twenty-ninth last. At the

request of the plaintiff's attorneys I have withheld my decision in order that proof of the defendant's connivance might be furnished; also to enable the plaintiff to regain title to the Florida premises, if possible. The proposed proof has not been forthcoming and as far as appears, the required title has not been acquired. I have been asked to appoint a referee to take the proofs. I do not feel warranted in adopting such procedure, for even if it should appear that Feinblatt actually purchased the Florida property from Rowley, I do not see how it would be a defense to the motion.

I hold that within thirty days after service upon the plaintiff's attorneys of a copy of the order to be prepared hereunder, the plaintiff shall tender to the defendant a valid deed of the Florida property. If such tender is made, the judgment now in effect shall remain in force and the defendant shall deliver to the plaintiff a deed in accordance with the judgment of the court. He shall also pay the plaintiff the sum of $3,000, with interest, according to said judgment, or the plaintiff shall have execution therefor. If such deed is not so tendered by the plaintiff, then the judgment shall be satisfied and discharged, the *lis pendens* canceled and the deed deposited by the defendant in escrow as security on the appeal shall be returned to him.

Prepare order accordingly.