ALICE F. COOLEY, Respondent, v. MARY HEARN, Appellant.— The action was commenced for specific performance of a land contract. The plaintiff moved for summary judgment under rule 113 of the Rules of Civil Practice, which motion was granted and from which this appeal was taken. The defendant claims that his answer and affidavits raise the question whether it was not the intent of the parties that the plaintiff's action for damages and the liquidated damages provided by the contract was not plaintiff's only remedy under the contract. Order and summary judgment reversed, on the law and facts, with costs, and plaintiff's application for a summary judgment denied. (See *Dealy* v. *Klapp*, 199 App. Div. 150; *Whipple* v. *Brown Brothers Co.*, 225 N. Y. 237.) Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes and Bliss, JJ., dissent, on the authority of *Dealy* v. *Klapp* (203 App. Div. 216; see, also, same case, 236 N. Y. 631.)

In the Matter o.' Awarding Letters of Administration upon the Estate of HNAT FEDORKO, Deceased.— Appeal from a decree of the Surrogate's Court of Albany county, denying petitioner's application to revoke letters of administration granted to the widow of decedent. The application was based upon the ground that the widow had previously entered into a ceremonial marriage with another man who, unknown to her, had a wife living. Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

CATHERINE E. GAIN, as Executrix, etc., of MARY BELLE HILKE, Deceased, Respondent, v. EDWARD A. DUNN, Appellant.— Motion to dismiss complaint on promissory note, under rule 112 of the Rules of Civil Practice. The plaintiff alleges a written statement by defendant as follows: " I have my good health — and if I can get going again the bankruptcy will mean nothing to me — every dollar I owe will be paid." This does not amount to a new promise. Order reversed, on the law and facts, with ten dollars costs and disbursements, and motion granted. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.