CONSOLIDATED MERCANTILE INDUSTRIES, INC., Plaintiff, *v.* ALEXANDER HIRSCH et al., Defendants.

Supreme Court, Special Term, New York County, November 3, 1950.

*Alvin T. Sapinsley* for plaintiff.

*Paul R. Shaw* for Alexander Hirsch and others, defendants.

*Louis Okin* for Arthur J. Feinberg and others, defendants.

*Albert Mintzer,* defendant in person, and for Sylvia V. Mintzer, defendant.

HOFSTADTER, J. The plaintiff sues successive owners of a building in which he occupied and still occupies as tenant a loft for commercial purposes, to recover rent already paid in excess of the claimed emergency rent and for equitable relief in the form of a modification of the lease so as to reduce the rental thereunder to the claimed emergency rent. The defendants have pleaded four defenses which the plaintiff moves to strike out for insufficiency.

The first and second defenses rely on a rent arbitration award confirmed by order of this court and on the three months' limitation prescribed by section 1463 of the Civil Practice Act for moving to vacate an award. The briefs discuss these two defenses together and they will be treated similarly here. The plaintiff attacks these defenses on the ground that the arbitration relied on was a nullity. From the defenses it appears that in April, 1946, the then owner of the premises contracted to sell them to Robert Real Estate, Ltd. (hereafter referred to as Robert). The loft afterwards occupied by the plaintiff was then vacant and Robert's vendor gave Robert permission to find a tenant for this loft. Robert entered into negotiations with the plaintiff, who agreed with Robert to arbitrate a reasonable rent. The arbitration was conducted and the arbitrator, on May 16, 1946, made an award fixing the fair and reasonable rental value. The plaintiff consented to the entry of an order confirming the award, and an order of confirmation was made on May 24, 1946. On May 16, 1946, Robert and the plaintiff entered into a lease of the loft for five years at the rental fixed in the award. Robert assigned his contract of purchase to the defendants who first became owners in 1946 and these defendants, not Robert, took title from Robert's vendor. On June 4, 1946, these defendants entered into a lease with the plaintiff for the term of five years from June 1, 1946, at the rental fixed in the arbitration award. The award has never been vacated.

The plaintiff urges that the arbitration was a nullity and that the court lacked jurisdiction to confirm it because Robert was not a landlord within the purview of the emergency legislation and, therefore, not competent to enter into a statutory arbitration agreement. In my opinion, the plaintiff's position cannot be upheld. The definition of "landlord" in the statute is sufficiently comprehensive to include Robert, a vendee and equitable owner. (See *Richardson* v. *Fogarty,* 59 Hun 627, opinion in 13 N. Y. S. 867; *Klapp* v. *Dealy,* 213 App. Div. 523, and *Skidmore* v. *Pittsburgh, Cincinnati & St. Louis Ry. Co.,* 112 U. S. 33.) Implicit in *Matter of Heidelberger* v. *Cooper* (300 N. Y. 502)

is a recognition of the right of parties about to enter into the relation of landlord and tenant to have a statutory arbitration of the reasonable rent. In any case, *Matter of Heidelberger* v. *Cooper* (*supra*) certainly accords to an arbitration between parties so circumstanced sufficient vitality to render an award impervious to motion to vacate after the lapse of the three months' period prescribed by section 1463 of the Civil Practice Act. Our Appellate Division has held that the rule of the *Heidelberger* case applies to a plenary action in which it is sought to upset a rent arbitration award (*Feinberg* v. *Barry Equity Corp.*, 277 App. Div. 762). That decision has been widely followed in this department and is, of course, controlling here. I hold, therefore, that the first and second defenses are sufficient. (See, also, *Maurer* v. *Freidus,* N. Y. L. J. Feb. 9, 1950, p. 512, col. 7, affd. 277 App. Div. 765.)

The third and fourth defenses plead estoppel and laches. Since the plaintiff seeks equitable relief in addition to the recovery of excess rent claimed to have been paid, I think these defenses are properly pleaded. (See *Flaks* v. *Fisher Millinery Corp.*, 276 App. Div. 753, and *Apex Binding Corp.* v. *Relkin,* 198 Misc. 381.) The motion to strike out the defenses is accordingly denied.