JAMES A. BYRNE, Individually and Formerly Doing Business as CZECH FROZEN PASTRY COMPANY, Respondent, *v.* ZACK C. OSIAS et al., Individually and as Copartners Doing Business under the Name of 357 71ST STREET COMPANY, Defendants, and CRYSTAL HALL, INC., Appellant.

First Department, November 14, 1961.

*Sylvan D. Freeman* of counsel (*Sol Katz,* attorney), for appellant.

*Bruce J. Gould* for respondent.

*Per Curiam.* This is an appeal from an order entered April 12, 1961, denying a motion to dismiss the complaint for legal insufficiency.

The action was brought by a former statutory tenant of housing accommodations at 365 East 71st Street and business space at 1325-27 First Avenue, against the former landlord and against the purchaser of the premises. Only the purchaser of the premises is involved in this appeal.

The plaintiff-respondent's action is based upon the claim that demolition of the premises involved and the new construction was not begun as required by the statute. Actual removal of all statutory tenants was completed by November 20, 1959 and the appellant did not acquire title until February 26, 1960.

The question to be resolved is whether a successor in title, never a landlord of a complaining party, which neither acquired certificates of eviction nor instituted summary proceedings, by the mere fact of such purchase so assumed the obligation of the former landlord to demolish, etc., as to be subjected to the statutory penalties for a noncompliance with the statutory provisions.

Section 5 (subd. 6, par. [4]) of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1957, ch. 755) is the pertinent provision dealing with the eviction of statutory tenants from controlled housing accommodations. It requires where the certificates have been procured for the immediate purpose of demolition that such demolition be completed within six months, or, if the premises have been demolished, that new construction be started within 90 days thereafter. That subparagraph is subject to a limitation that it is not applicable to any action which does not constitute a violation '' of any local law providing for penalties upon failure to demolish or comply with state rent control eviction certificates.'' Subdivision 4 of section 71 of the State Rent and Eviction Regulations contains substantially the same language. Section C26–168.1 of the Administrative Code of City of New York declares, in part: '' Any person who shall have filed and received approval of plans for a new building  *  *  *  and thereafter caused any residential tenant in a building on the site of the proposed new building to move or be evicted therefrom pursuant to a certificate of eviction issued by the temporary state housing rent commission and who after obtaining such certificate of eviction shall offer such building or the land on which it stands for sale or shall fail to demolish such structure within six months after removal of the tenants therefrom or who after such demolition shall fail to commence the erection of a structure pursuant to

such plans within ninety days after the completion of such demolition * * * shall be guilty of a misdemeanor ''. Under that local law the city is given a right to institute action against such person. Subdivision (c) of section 8 of the Emergency Business Space Rent Control Law (L. 1945, ch. 314, as amd.), applicable here, deals with controlled business space and requires the landlord to begin demolition within 90 days after the removal of the tenant. A landlord of business space is defined in subdivision (d) of section 2 of the Emergency Business Space Rent Control Law, while a landland of housing accommodations is defined in paragraph 6 of subdivision 2-a of section 2 of the Emergency Housing Rent Control Law. Both refer to the person receiving or entitled to receive rent for the use or occupancy of the premises involved.

The plaintiff, being a statutory tenant, is entitled to relief only if the statute so provides and in accordance with the provisions of such statute (*Rosner* v. *Textile Binding & Trimming Co.*, 300 N. Y. 319; *Paterno* v. *Washington Sq. Vil. Corp.*, 14 A D 2d 741). On its face the complaint reveals that the plaintiff was no longer a tenant when appellant acquired title on February 25, 1960. No question of fraud or bad faith is alleged, and it is apparent that rent, the primary indicia of the landlord-tenant relationship, was never paid to or received by the appellant. The remedy of the plaintiff can only be against the landlord as that term is defined within the meaning of the statute (*Magonigle Trucking Co.* v. *Tambini,* 302 N. Y. 617). While it has been held that under certain sections of the statute the definition of landlord is sufficiently comprehensive to include a vendee and equitable owner (see *Consolidated Mercantile Inds.* v. *Hirsch,* 198 Misc. 677), it is apparent from a reading of the statutes that appellant does not fall within the statutory definition of landlord. (It neither procured the certificates, instituted summary proceedings for eviction, received rent from plaintiff, nor, indeed, was it ever in a position to demand or become entitled to rent from the plaintiff.)

Accordingly, the order appealed from should be reversed, on the law, with costs to appellant, and the motion to dismiss the complaint granted.

RABIN, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Order entered on April 12, 1961 unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted.